### Smith and others *vs.* Kane and wife.

Where a debt due to the wife before marriage has never been reduced into possession by the husband, it is considered the property of the wife so as to be subject to her equity for the support of herself and children.

If a creditor asks the aid of a court of chancery to reach property of the husband which is not subject to an execution at law, he must take such property subject to the wife's equity, if she has any therein.

The bill in this case was filed by certain judgment creditors of Kane and Smith, who had proceeded to execution against them without obtaining satisfaction of their debts. Kane had been convicted of forgery, and sentenced to imprisonment in the state prison. The principal object of the bill was to reach certain monies claimed by his wife, and an injunction had been obtained to prevent her from using the same for the support of herself and children. She having put in her separate answer, a motion was now made in her behalf to dissolve the injunction.

*M. T. Reynolds*, for the complainant.

*Azor Taber*, for Esther Kane.

The Chancellor. From the answer of the defendant E. Kane, it satisfactorily appears that she has the equitable right to the money in the hands of Alexander, for the support of herself and children. It was a debt due to the wife before her marriage with Kane, and he has never reduced it into possession. By the consent of her husband, and in pursuance of a verbal antenuptial contract, she has been permitted to preserve this small fund as her separate property. In such a case this court would not aid the husband in ob-

Sep. 7th.

1830.

Smith
v.
Kane.

taining this money from her or her depositary ; and his cred-itors or general assignees can have no greater equities. (*Hornsby* v. *Lee*, 2 Mad. Rep. 16.   *Gayner* v. *Wilkinson*, 2 Dick. 491.   Ex parte Beilby, 1 Glyn & Jam. 167.   *Udall* v. *Kenney*, 3 Cowen, 590.)   When an execution creditor comes into this court to reach property of the husband which is not subject to execution at law, he must take it subject to the wife's equity, which she had a right to insist on as against her husband.

The property in controversy here being wholly insufficient for the support of the wife and her children, and she having the prior equity, the injunction must be dissolved.