Judge Lane
stated the case, and delivered the opinion of the court:
In December, 1821, King and wife mortgaged certain tenements to Longworth, to secure the payment of a debt of two thousand dollars, fifteen hundred dollars of which was payable in eight successive annual payments, and five hundred dollars in twelve years, with interest payable annually. In February, 1833, Long-worth instituted his suit in chancery to obtain payment. In August, 1833, a final decree was rendered, in which a sale was directed, to pay the whole amount unpaid, including the five hundred dollars which had not become due. A sale was made in September, when the present bill of review was filed, and further proceedings stayed. The common pleas sustained the defendant’s demurrer, from which the plaintiffs have brought the case to this court by appeal.
The question it presents is, whether in proceedings to enforce a mortgage payable in installments, it is competent to embrace, within the scope of the decree, a sum of money not due at the time of its passage, but to become due before a final distribution of the money ?
*It is the well-settled practice of chancery to sustain a bill *525 to enforce the payment of debts secured by mortgage, and payable by installments, before all the installments are due. 1 Johns. Ch. 617; 1 Paige, 648; 2 Paige, 303; 1 Bibb, 144; see likewise 12 Serg. & Rawl. 240; 9 Mass. 298 ; 5 Pet. And where installments fall due between the filing of the bill and the final decree, they may be brought before the court by supplemental bill, or even without, if the facts sufficient appear upon the pleadings and proofs, and they may be embraced within it. But no judgment or decree can be rendered upon rights not yet accrued, and no presumption should be raised that a debt not yet due will not be paid. The decree, therefore, is irregular in finding the amount, composed in part of the sum of five hundred dollars, not payable until the December subsequent. The account should be taken of the amount then due, and a sale directed of so much as might be necessary to pay it. If the property be not divisible, the whole might be sold, and the residue, when brought into court, might be appropriated according to equity and the rights of the parties in a case made on motion, or petition, or supplemental bill.
There is another irregularity in this decree, though perhaps not sufficient to reverse it. The sale is directed absolutely, without any time being given to the mortgagor to make payment. A time should be appointed for this purpose, and the sale ordered .in the event of failure.
The decree is reversed, and the case remanded to the Supreme ■Court of the county for further proceedings.