MAURICE BASKIN & COMPANY, INC., and Another, Appellants, *v.* GEORGE HOWE, Respondent.

First Department, April 5, 1929.

*Walter W. Gross* of counsel [*Gotthold, Pitkin, Rosensohn & Travieso*, attorneys], for the appellants.

*Walter M. Weis*, for the respondent.

MARTIN, J. By this appeal the appellants seek to review an order denying a motion to strike out an answer and grant judgment for the plaintiffs. The consideration of that order requires an examination of the question whether alimony awarded by the court to support and maintain a wife and her children may be attached in a proceeding to enforce a judgment obtained against the wife.

In a matrimonial action pending in the Supreme Court, Westchester county, the defendant George Howe was directed to pay $500 per month alimony to his wife, Mary L. Howe, in semi-monthly installments of $250 each for the maintenance and support of Mary L. Howe and her three children. Thereafter a judgment in the District of Columbia was obtained against Mary L. Howe, the wife of the defendant, for nine months' rent of an apartment in the city of Washington. The judgment was sued upon in this State and a judgment was entered by default. The plaintiffs are endeavoring to have the alimony applied to the payment of that judgment.

Mary L. Howe is a non-resident and the plaintiff Baskin & Co., Inc., contends that the New York court obtained jurisdiction because the sheriff of New York county served a warrant of attachment on this defendant which plaintiffs assert attaches the alimony. After the attachment papers had been served, the plaintiff Baskin & Co., Inc., obtained the default judgment against Mary L. Howe and upon the refusal of the defendant to turn over to the sheriff a sufficient amount of the alimony to pay the judgment the present action was commenced by Maurice Baskin & Co., Inc., and the sheriff of New York county, pursuant to section 943 of the Civil Practice Act. Thereafter the order appealed from herein was entered.

The alimony awarded was not solely for the support of the wife. It was awarded in one sum for the support and maintenance of the wife and children, and it nowhere appears what part thereof belongs to the wife.

Assuming, therefore, the view taken by the appellants that alimony may be applied to the payment of a judgment for necessaries furnished the wife, the failure to show the portion, if any, to which the wife is entitled would be a defense to the action, for the reason that the alimony awarded to the children for food, clothing and maintenance may not be applied in payment of a judgment entered against the wife, who in that respect is a third party, the infants having had no opportunity to defend the action or to question the judgment. (*Van Valkenburgh* v. *Bishop*, 164 N. Y. Supp. 86.)

The more important question, however, is whether a judgment

of the character entered herein may in any event be enforced against alimony. Although there are dicta to the effect that there may be instances where a judgment may be collected by applying alimony to the payment thereof, there does not appear to be any well-considered decision which permits the application of the alimony awarded to a wife and required for her support to be applied in payment of a judgment against her.

The statutory requirement with reference to alimony is found in section 1170 of the Civil Practice Act, which provides that alimony may be awarded *for the care, education and maintenance of the children* and *for the support of a wife* when she is the plaintiff in an action for divorce or separation.

In order to properly determine this question it is necessary to consider the nature and purpose of alimony. The term has been broadly defined as an allowance made by the court to furnish money to purchase the things necessary to sustain life.

In *Romaine'* v. *Chauncey* (129 N. Y. 566), in a very interesting opinion, the court said: "Alimony, as we all understand, is an allowance for support and maintenance, having no other purpose and provided for no other object. Like the *alimentum* of the civil law, from which the word was evidently derived, it respects a provision for food, clothing and habitation, or the necessary support of the wife after the marriage bond has been severed; and since what is thus necessary has more or less of relation to the condition, habit of life, and social position of the individual, it is graded in the judgment of a court of equity somewhat by regard for these circumstances, but never loses its distinctive character."

The General Term in the same case (60 Hun, 477), in passing upon the application of a creditor who became such before the decree of divorce, to apply the alimony to the payment of a judgment, said: " We think this action cannot be maintained.  *  *  * It is quite clear that the provision thus made for the wife's support is non-assignable. The principle upon which policies of life insurance in favor of the wife were held to be non-assignable (*Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equitable Life Assur. Soc.*, 59 id. 587; *Barry* v. *Brune*, 71 id. 261) applies with greater force to such a provision as that of alimony."

In *Wallingsford* v. *Wallingsford* (6 Harr. & J. [Md.] 485) the court said that alimony was not a sum of money, or a specific proportion of the husband's estate given absolutely to the wife; but a continuous allotment of sums payable at regular periods, for her support from year to year.

It has been defined by other eminent writers as a sum of money

allowed for the purchase of things necessary to sustain life, such as food and clothing, and to provide a place to live.

Schouler on Marriage, Divorce, Separation and Domestic Relations (Vol. 2 [6th ed.], § 1754) says: "Alimony is an allowance for support, which is made upon considerations of equity and public policy. It is not property of the wife recoverable as debt, damages or penalty. * * * Being thus founded upon public policy, and created in equity, it cannot be diverted from the purpose of support without public injury * * *. Alimony due a judgment debtor is not subject to execution, especially where partly for the benefit of the child."

In *Guenther* v. *Jacobs* (44 Wis. 354) Chief Justice RYAN said that the word "alimony" is used in the statute of divorce in its strict technical meaning; intelligently so used, the provisions of the statute in relation to it closely following the law of the ecclesiastical courts. It is not an estate, and, therefore, not separate property of the wife. "It is an allowance for the nourishment of the wife, resting in discretion, variable and revocable." It is, therefore, essentially temporary, conditional and dependent.

In the opinion in the *Romaine* case dealing with an application to take alimony to pay a judgment against the wife, the court said that the granting of such an application would pervert and nullify the decree of the court, and leave the judgment specifically made for one purpose to operate wholly for another, and so obstruct and destroy the humane intent of the law. The court also said: "The plaintiff in his character of receiver for the judgment creditor comes into a court of equity in pursuit of equitable relief, into the same court which devoted the fund to the support of the wife, and should decently respect its own authority, and asks the aid of that tribunal to practically nullify its decree, to abandon its humane purpose, to join in an indirect robbery of the husband, to pervert his allowance to an end which he never sanctioned and was not bound to sanction, and to disregard the public policy which seeks to protect wife and children from the pauper's necessity and fate; and he asks this without a pretense of special equity against the fund and solely on the basis of a hard legal right. I have only to say that I think equity ought not to give him that aid, but that having both the power and the opportunity to prevent the perversion of its purpose and to make effective and protect its own decree, it should avail itself of that opportunity and exercise that power by the simple process of refusing its assistance. * * * We have a right to refuse our assistance, not merely because the equities are balanced, but because those of the defendants are superior and ought to prevail."

The court then held that alimony was not property for all purposes, and could not be taken to pay debts, saying: " It is property in one sense, but not in the broad general sense of the term. It is a specific fund provided for a specific purpose, with restraint and limitation written all over its face by the very law and decree which brought it into existence."

A case more nearly approaching in principle the present case is *Smith* v. *Kane* (2 Paige, 303). The chancellor there held that where a wife's property was shown to be needed for her support and that of her children, a court of equity would refuse relief to one seeking a part of it to pay a judgment against the husband on the theory that the money belonged to him.

The alimony having been given for food and maintenance, a specific purpose, should be applied to that purpose unless it is shown that it is not required, as said in *Guenther* v. *Jacobs* (*supra*), " for the nourishment of the wife," in which case the portion allotted to the wife and not so needed may be applied to the payment of a judgment for necessaries.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.