EMIGRANT INDUSTRIAL SAVINGS BANK, Plaintiff, *v.* JEANNETTE K. LEHMAN, Defendant.

City Court of New York, New York County, July 8, 1933.

*McGuire & McGuire* and *John B. McGuire*, for the plaintiff.

*Karl S. Lowenthal*, for the defendant.

MADIGAN, J. The application relates to a matter which concerns the public as well as the immediate parties and the course to be followed by the court in similar situations.

Payment of permanent alimony to a judgment debtor, a wife, has been halted by the customary provision in an order appointing a receiver in supplementary proceedings; the provision forbidding the transfer of, or interference with, property, ownership of which, or some other interest in which, may be in the judgment debtor.

1. It has been authoritatively indicated that, so far as " alimony and support " may have been awarded for the maintenance of children or so far as alimony may be needed by the wife for sustenance, the husband's payments are not to be reached by the creditors of the wife, not even by those who supplied her with necessaries. (*Baskin & Co., Inc.*, v. *Howe*, 225 App. Div. 553, 557.) The final paragraph from the opinion in that case reads: " The alimony having been given for food and maintenance, a specific purpose, should be applied to that purpose unless it is shown that it is not required, as said in *Guenther* v. *Jacobs* [44 Wis. 354], ' for the nourishment of the wife,' in which case the portion allotted to the wife and not so needed may be applied to the payment of a judgment for necessaries."

2. This implies that we cannot here hold originally that a wife is to be deprived of alimony accruals either in part or in their entirety; for we have no jurisdiction to divide the accruals between her and another person.

3. Furthermore, such allotment could not with propriety be attempted in this court even were there power to make it. It would be injudicious for a court of limited judicial power to hold that payments, ordered by our highest tribunal of original juris-

diction to be made by a husband to his wife, are, instead, to be made by the husband to someone else. The matrimonial court, better informed as to the marital status and other relevant facts, on an application to imprison the husband for not obeying its order, might consider the result reached here improvident and find otherwise. Naturally such a conflict would be intolerable. Again, a court of inferior jurisdiction is without power to override the Supreme Court and make a finding that a wife is to be deprived of moneys directed, in a matrimonial action, to be furnished for her support. It would be quite anomalous to offer here such interference to the operation of a decree of the Supreme Court. At the behest of a judgment creditor of the wife, we cannot undertake to command the husband not to pay alimony, nor, when there are children, are we to presume to say how much of what was allowed by the Supreme Court was intended for the support and education of the children and how much was awarded for the maintenance of the wife.

4. In *Matter of Tappe, Inc.*, v. *Battelle* (140 Misc. 49) it was stated that a creditor holding a judgment for the price of necessaries, supplied to the wife subsequent to a decree awarding alimony in a matrimonial action, may have her alimony applied to the satisfaction of his judgment; it being suggested that she could seek the protection of a court of equity. But it would be contrary to the spirit of the ruling of the Appellate Division in *Baskin & Co. Inc.*, v. *Howe* (*supra*) to seize the alimony, leaving the woman for whom it was intended to seek some remedy in the Supreme Court. Moreover, public policy would not be served by an unqualified rule that the husband's payments could at any time be taken by certain judgment creditors regardless of whether the wife for a time might be left utterly destitute. The suggestion that she may assure herself against becoming a public charge by appealing to a court of equity is of little practical value when, through proceedings supplementary to execution, she is being entirely deprived of the allowance awarded for her maintenance.

5. Rather should the judgment creditor resort to equity, filing his bill for a decree that some part of the alimony be applied upon his judgment for necessaries. That is his remedy, and, until he avails of it, he should not be allowed to interfere with the award made by the Supreme Court.

6. In the present instance, the amounts required to be paid by the husband appear to be for the benefit of wife and children. The moneys deemed necessary for the children cannot be subjected to payment of bills incurred by their mother (*Baskin & Co., Inc.*, v. *Howe, supra*); and there is no power here to separate an award of

a matrimonial court into " support " for children and alimony for a wife.

7. The motion is granted to the extent of directing the receiver in supplementary proceedings to refrain from interfering with the payment of alimony to the judgment debtor and to the extent of modifying accordingly the order appointing such receiver. Order filed.