BLUMA DIBNER, Judgment Creditor, *v.* ISIDORE COUSMINER and Another, Judgment Debtors.

City Court of New York, Bronx County, November 12, 1935.

*Hyman B. Jackson* [*Benjamin Antin* of counsel], for judgment creditor.

*Isidore Cousminer,* judgment debtor, in person.

EVANS, J. This application, under section 793 of the Civil Practice Act, seeks to compel the debtor to make payments of the judgment in installments. The only income the debtor has is from moneys received by him, indirectly, from the Federal government, from work on relief projects.

Being moneys received from a Federal agency, it is not subject to the garnishee process of section 684 of the Civil Practice Act.

The debtor receives twenty-four dollars a week from the Works Progress Administration. He has a wife and pays a monthly rent of twenty-three dollars. He is a musician by profession, and is apparently one of the numerous unfortunates caused by the depression.

Was section 793 intended to open the door for applying the salaries or wages of Federal employees to State judgments? It virtually

does, for, after the money is paid by the Federal government to its employee, it becomes the private property of the individual, and the State has the right to cause it to be applied to the payment of a judgment.

Prior to the legislation of 1935 (Chap. 630), Federal employees were virtually exempt from the processes of section 684 of the Civil Practice Act, and they still are. But since the order to pay now falls directly upon the employee and judgment debtor, by virtue of the provisions of section 793, they become subject to the processes of the State for the collection of a judgment.

One is not now exempt from the processes for the collection of a judgment, merely because he is a wage earner and receives his wages from the Federal government.

Should the Special Term entertain an application, under section 793, merely on the bare statement that the debtor earns a salary? I think not. I believe that where a creditor may resort to the processes of section 684, and have a reasonable chance of satisfying his judgment, he should first resort to the process of garnishee. It is only where one is blocked, by prior orders of garnishee, that resort should be had to section 793. If there is nothing in the way of an order of garnishee, the creditor should resort to it, and should not ask for relief under section 793.

Here the creditor is blocked from resorting to a garnishee order, not because of a prior garnishee order, but because a Federal agency is involved.

The judgment debtor is not, however, an ordinary Federal employee. He is the recipient of a quasi-charitable contribution, in the form of wages. His work is done for the government, not because the work is immediately necessary, but because it is important to create work, and it is better to pay wages than a dole.

The amount of wages he receives is not measured by the ordinary market value of his labor, nor by any strict union wage scale, but rather by an amount necessary to sustain bare existence among his fellow men. In order to grant this motion this court must say that the amount of wages this judgment debtor receives exceeds the bare necessities, and permits him to apply some part of his wages for the benefit of the creditor.

It grates upon the conscience to believe that section 793 can be so administered that moneys appropriated by the Federal government for the purpose of relieving economic suffering, and which must be eventually returned by taxing all, can be applied thus indirectly for the benefit of a judgment creditor.

If this judgment debtor receives more from the Works Progress Administration than he should have for his minimum needs, the

difference ought to be paid back to the government treasury, instead of to any of his judgment creditors.

The facts before me do not warrant the finding that the Works Progress Administration pays to this judgment debtor more than his bare needs. Section 793 does not make an automaton of the Special Term. Some discretion must be exercised in its administration.

The motion is, therefore, denied.