In the Matter of Supplementary Proceedings: BOOL FLORAL Co., INC., Judgment Creditor, Plaintiff, *v.* WILLIAM M. COYNE, Judgment Debtor, Defendant.

JOHN H. KERNAN, Supervisor of Finance, Works Progress Administration, Syracuse District, Third Person.

County Court, Onondaga County, January 15, 1936.

*Dwight C. Dale,* for the judgment creditor.

*Byrne, Byrne & Lowery,* for the judgment debtor.

MORAN, J. (Acting County Judge). Plaintiff, above named, recovered a judgment against the above-named defendant on the

30th day of October, 1928, in the Municipal Court of the City of Syracuse for the sum of ninety dollars and seventy-nine cents, upon personal service of the summons on the defendant. Thereafter, said judgment was docketed and a transcript filed in the office of the clerk of Onondaga county, an execution against the property of the judgment debtor was issued and returned wholly unsatisfied. A garnishee execution was delivered to the sheriff of Onondaga county upon which garnishee execution no payments were made. That said judgment appears to be wholly unsatisfied, except for a credit thereon of seven dollars and seventy-five cents. The judgment debtor above named is now employed as Publicity Director of the Syracuse District, Works Progress Administration, at an annual salary of $2,000, payable in semi-monthly payments of $83.33.

This proceeding is brought pursuant to the provisions of section 793 of the Civil Practice Act, as added by chapter 630 of the Laws of 1935.

The judgment debtor is an employee of one of the bureaus of the United States government and as such his wages or salary do not appear to be subject to garnishment under section 684 of the Civil Practice Act. It was the evident intention of the Legislature in adding section 793 to the Civil Practice Act to provide a means whereby a judgment creditor on application to the court might have redress against a judgment debtor in the proper case. I have been unable to find any case in point except the case of *Dibner* v. *Cousminer* (157 Misc. 229), decided by City Court of New York, Bronx County.

I am not unmindful of the fact that Executive Order No. 7046 reads in part as follows: " Wages to be paid by the Federal Government may not be pledged or assigned, and any purported pledge or assignment shall be null and void." In the case at issue the judgment debtor was before the court in person and by his attorney. There is no contention that this court may make an order directing the Works Progress Administration, or any of its officers or employees, to take from the wages or salary of the judgment debtor any part thereof and pay it to the judgment creditor. However, when the salary or wages are paid over to the judgment debtor this court would appear to have ample authority to direct the judgment debtor to pay over to the judgment creditor such sum or sums of money, in installments, on the judgment, after due regard for the reasonable requirements of the judgment debtor and his family, as the court shall determine.

I have not lost sight of the fact that the average employees working on relief projects are receiving only such an amount as to

sustain a meager living. The judgment debtor in this case, however, appears to be receiving a salary in excess of the bare necessities of life.

I, therefore, hold that the judgment creditor is entitled to an order directing the judgment debtor to pay over to him, to apply upon the judgment, a reasonable sum, to be fixed and determined by the court.

Let order be entered accordingly.