Economy Leases, Inc., Plaintiff, *v.* Isidore S. Bierman, Defendant.*

City Court of New York, New York County, January 27, 1936.

*Alexander A. Mayper* [*Alexander A. Mayper* and *David Lazarus* of counsel], for the judgment creditor.

*Max J. Le Boyer*, for the judgment debtor.

Madigan, J. A judgment creditor should not be required to have recourse to section 684 of the Civil Practice Act, before applying for relief under section 793 of the Civil Practice Act (as added by Laws of 1935, chap. 630), unless under section 684 relief would be in every way as full and adequate as under section 793 and unless recourse to section 684 would entail no serious difficulties and cause the judgment creditor no serious delay. For example, if the jugdment debtor be an employee of a municipality

*Affd. Sup. Ct. App. Term, First Dept. March 26, 1936, N. Y. L. J. Mar. 27, 1936, p. 1557.

or of a large corporation, which would honor an execution against salary, and if the circumstances and needs of the judgment debtor are such that he cannot justly be required to apply more than ten per cent of his earnings to the payment of a judgment against him, there might be no compelling reason for affording the judgment creditor relief under section 793. The judgment creditor might then be remitted to an execution under section 684.

But there are many situations in which section 684 will not be equally as effectual as section 793. It is often obvious that the employer will not honor an execution issued pursuant to section 684 and will make it necessary for the judgment creditor, who has already prosecuted one action to judgment, to embark upon another action against the employer. Again, because the employer will not tolerate, will not retain, an employee after service of such an execution, it may be inadvisable to proceed under section 684. Often there is very good reason to believe that the employer will aid the employee in frustrating the judgment creditor's efforts to collect the judgment. In many instances the judgment debtor, though ostensibly an employee, is really the proprietor. The earnings and resources of an employee, taking his needs into consideration, are sometimes so substantial as to justify application of more than ten per cent of his salary to the judgment. The court, in such instances and perhaps others, would hardly require that the judgment creditor have prior recourse to section 684.

The opening words of section 793 that " Notwithstanding the provisions of sections six hundred and eighty-four and six hundred and eighty-five " of the Civil Practice Act, the court may order installment payments, are not to be disregarded.

The decision to which special attention is called by the judgment debtor, *Metropolitan Life Insurance Co.* v. *Zaroff* (157 Misc. 796), though proper under the circumstances of that case, is not applicable here. Here we have husband and wife pretending that the wife produced from mattresses and similar sources, in order to take over a business in which her husband was and is a major figure, sums in excess of $12,000. This alleged investment is the basis for the assertion that, while the husband receives only $50 a week from the business, the wife legitimately draws $100 each week.

Upon all the facts, the judgment debtor cannot reasonably complain that due consideration was not given to his needs when he was ordered to pay $12.50 a week. Indeed, even if it were true that the debtor's earnings are only $50 a week, it would seem that he could get along on $37.50 a week until this judgment is paid, inasmuch as his family is so well provided for from the business.

Section 793 of the Civil Practice Act is a forward step, a step in the right direction. Pursuant to it judgment debtors can be required to pay judgments against them to the extent that reasonably they should be required to do so.

The remedy should not be subjected to construction so narrow or to application so limited as to render it ineffectual in cases to which it was intended to apply, especially where judgment debtors resort to devious devices to conceal their true earnings or to place their incomes beyond the reach of the judgment creditors.

The motion is granted to the extent of hearing reargument. On such reargument, the court declines to modify the order filed January 2, 1936. There is nothing referred to now which was not carefully considered on the original motion.

Order signed.