CONLEW, INC., Judgment Creditor, *v.* EDNA T. THOMPSON, Judgment Debtor.

City Court of New York, New York County, February 6, 1936.

*Newman & Bisco [William G. Wall* of counsel], for the judgment creditor.

*Campbell, Harding, Goodwin & Danforth [William F. Clare, Jr.,* of counsel], for the third party.

MADIGAN, J.   The judgment creditor's motion for relief pursuant to section 794 of the Civil Practice Act is denied.

In disposing of the judgment creditor's application, it is not necessary to determine the meaning of the word " indebtedness " as employed in said section 794.   That word may possibly be held to be rather all-inclusive.

The statute calls for the exercise of " discretion " in deciding as to whether a mandatory order is to be made; but, when an order is granted pursuant to said statute, section 794 of the Civil Practice Act, the judgment creditor would appear to be entitled to payment because the judgment debtor is entitled to payment.   Whatever is to be paid, if the judgment creditor is to have it, then the order is apparently to be made without thought of the circumstances or necessities of the judgment debtor.   Despite the words " a sum on account of the alleged indebtedness," which appear in section 794 of the Civil Practice Act, the court is of the opinion that the section does not contemplate such a division and apportionment as would provide for the judgment debtor's needs and at the same time provide for satisfaction of part of the judgment.   Whether in that connection the statute should grant discretion is a matter well worth considering.   Though that question is not presented for consideration now, let it be suggested, in passing, that it might be thought to be poor public policy to strip a judgment debtor of all assets other than those specifically exempted by statute.   At some future time it may be deemed expedient to let the courts decide in the particular case what assets a judgment debtor should be allowed to retain in view of his necessities and those of his dependents.   Possibly it is to the interest of the public that such matters should be considered and balanced against the rights of creditors.

Is a statute such as section 794 of the Civil Practice Act applicable to alimony in the hands of the person required to pay alimony? If the judgment here were one for $10,000, would it be seriously contended that the judgment debtor's alimony should, regardless of her necessities, be taken, in full, for some three years; that is, until the total of accruing alimony would pay the entire amount of the judgment?

The judgment here was not " for necessaries."   But, even if the judgment were in that category, it would appear, as indicated above, improper to finally deprive the judgment debtor of all alimony, for any considerable period of time, through the instrumentality of third party proceedings and an order pursuant to section 794 of the Civil Practice Act.

When it is sought to take alimony at the source, before it reaches the judgment debtor to whom it is required to be paid, when it

is sought to compel the husband or former husband of the judgment debtor to pay part of her alimony, as it accrues, to her judgment creditor, the application should be made, by the judgment creditor, to a court of equity. (*Emigrant Industrial Savings Bank* v. *Lehman*, 151 Misc. 444.)

Since *Emigrant Industrial Savings Bank* v. *Lehman* (151 Misc. 444) was decided, statutory changes have been made. At the present time there is available the remedy provided by section 793 of the Civil Practice Act. That remedy might be applicable against the judgment debtor in a case like the present one and against the person who receives the alimony payments. It might be invoked if the judgment debtor is the recipient of moneys a part of which she ought, in view of all the circumstances, to apply toward the discharge of the judgment. It is possible that, pursuant to section 793 of the Civil Practice Act, the court would have jurisdiction to make an order against the recipient of alimony, the effect of which would be " to divide the accruals between her and another person." (*Emigrant Industrial Savings Bank* v. *Lehman*, 151 Misc. 444, at p. 445.)

It appears that in this instance the judgment creditor did not make an application under section 793 of the Civil Practice Act, be ause the judgment debtor, after failing to complete her examination in supplementary proceedings, evaded service and disappeared, going, it seems, to another State.

This does not suggest that the third party's motion to vacate the third party subpoena should be granted. Though the application to vacate it is made by the third party, the former husband, the judgment debtor to whom he was directed to pay the alimony would benefit if his application were granted, and it is not apparent that he would be benefited. Under the circumstances, the subpoena should be upheld until such time as the judgment debtor adopts a more commendable attitude toward the processes of justice. She might offer to appear on an application under section 793 of the Civil Practice Act. Had she taken the proper course, she would not have been affected to the extent of having payment of her alimony stopped for a period of months. How long the period will be extended depends on how long she continues to evade service.

The third party subpoena was not issued " within two years from the recovery of such judgment." (Civ. Prac. Act, § 779, subd. 2.) But prior to the return day the third party requested and obtained by stipulation an adjournment, and thereafter, upon request, the attorney for the judgment creditor accepted an affidavit of the third party in lieu, as the third party averred in said affidavit,

of examination. Neither in that affidavit nor in the stipulation was there stated any reservation as to the rights of the third party. He recognized the validity of the third party proceedings and waived the irregularity due to the subpœna having issued after the expiration of the said period of two years.

The application to vacate the third party subpœna is denied. Order signed.