In the Matter of the Application of M. ALDEN WEINGART, Petitioner, for an Order Directing RAY H. COHEN, Respondent, to Apply a Portion of Her Alimony in Payment of a Judgment against Her for Necessaries.

Supreme Court, Special Term, Kings County, June 30, 1936.

*Max E. Levine*, for the petitioner.

*Bloch & Aks*, for the respondent.

HOOLEY, J. Application by M. Alden Weingart, a judgment creditor, for an order directing Ray H. Cohen to apply a portion of her alimony of fifty dollars per week heretofore awarded for the support of herself and her son, to wit, the sum of five dollars per week, toward the payment of a judgment for $379 heretofore recovered by the applicant against her for dental services rendered the son.

Schouler on Domestic Relations (Vol. 2 [6th ed.], § 1754), says: "Alimony due a judgment debtor is not subject to execution, specially where partly for the benefit of a child."

Counsel have not been able to point out to the court any case in which it was held that the court might apportion a part of the alimony to the payment of a judgment. Indeed in the very case the moving party relies on (*Baskin & Co., Inc.,* v. *Howe,* 225 App. Div. 553) the court said: " Although there are dicta to the effect that there may be instances where a judgment may be collected by applying alimony to the payment thereof, there does not appear to be any well-considered decision which permits the application of the alimony awarded to a wife and required for her support to be applied in payment of a judgment against her."

The wife herein was awarded alimony for the support and maintenance of herself and her child. There is no showing that the alimony awarded is more than sufficient for that purpose. Furthermore, it would impose a great burden on the court if it undertook to superintend the expenditure of alimony. Those who deal with a wife who is the recipient of alimony must protect themselves and not look to this court for protection. Motion denied.