LEY REALTY CORPORATION, Judgment Creditor, *v.* PAUL FOLEY, Judgment Debtor.

City Court of New York, Special Term, New York County, January 13, 1937.

*Thomas D. Osbourne*, for the judgment creditor.

*Conboy, Hewitt, O'Brien & Boardman*, for the judgment debtor.

KAHN, J. This is an application under section 793 of the Civil Practice Act for an order requiring the debtor to make installment payments on account of a judgment in the sum of $2,180.09 entered on November 3, 1934. The judgment is based upon an indebtedness for rent.

The debtor is a retired captain of the United States navy receiving an annual pension of $4,080, or $340 per month.

The judgment creditor relies upon two cases decided since section 793 became effective (*Dibner* v. *Cousminer*, 157 Misc. 229; *Bool Floral Co., Inc.*, v. *Coyne*, 158 id. 13). In each of these cases the debtor was employed by the Federal Works Progress Administration, receiving a fixed salary. In the case of *Dibner* v. *Cousminer* (*supra*), at page 230, the court had occasion to express the following: " after the money is paid by the Federal government to its employee, it becomes the private property of the individual, and the State has the right to cause it to be applied to the payment of a judgment." In the case of *Cross Bay Lumber Co., Inc.*, v. *Samoa* (*Snover*) (161 Misc. 458), Mr. Justice CONWAY said: " The court is without power to direct the Federal government to make deductions from the salary of an employee of the Home Owners' Loan Corporation. However, once the employee's salary is paid it becomes his personal property

and he may be required to make payments on account of a judgment pursuant to section 793." True it is that the court cannot direct the Federal government to make deductions from the salaries of its employees, but it is equally true that there is no statutory prohibition against invoking legal proceedings after the salaries have been paid.

In the case at bar, however, the debtor is a pensioner of the United States government. Section 667 of the Civil Practice Act exempts, " The * * * pension or other reward heretofore or hereafter granted by the United States, or by a State, for military or naval services; * * * from seizure in any legal proceeding."

In the case of *Yates County Bank* v. *Carpenter* (119 N. Y. 550) the court in construing section 1393 of the Code of Civil Procedure, now section 667 of the Civil Practice Act, affecting a soldier's pension, on page 554 stated: " It is quite obvious that such an exemption can produce no beneficial effect, unless it is extended beyond the letter of the act, and given life and force, according to its evident spirit and meaning." And on page 555: " If the soldier is not protected in the act of exchanging his pension for the necessaries of life, its only effect would be to enable his creditors to take it in satisfaction of their claims. No benefit is conferred if the protection is not extended beyond the possession of the money itself, for its only value consists in its purchasing power, and if the soldier is deprived of that, the pension might as well, so far as he is concerned, have remained ungranted."

His pension being protected by this exemption and there being no claim made that the debtor is receiving income from any other source the court is constrained to deny the motion.

Order signed.