In the Matter of Supplementary Proceedings: THOMAS M. BOWES, Judgment Creditor, *v.* FRED PERKINS, Judgment Debtor.

Supreme Court, Steuben County, December 20, 1938.

*Knappenberg & Bowes [Thomas W. Bowes* of counsel], for the judgment creditor.

*Domenick L. Gabrielli,* for the judgment debtor.

LAPHAM, J. Briefly the facts upon which this application rests are these: A judgment was recovered by Thomas M. Bowes, the judgment creditor, against Fred Perkins, the judgment debtor, on the 28th day of July, 1938, in the Supreme Court of the county of Steuben in the sum of $124.07, and duly docketed on that day. Without resort to garnishee process, an order in this proceeding was procured and duly recorded requiring the judgment debtor to submit to examination concerning his property. This examination reveals that the judgment debtor is receiving a Federal pension of thirty-five dollars and in addition thereto is employed by the Bath Veterans Facility, a department of the Federal government, at a monthly salary of ninety dollars. In other words, he enjoys a total monthly income of one hundred and twenty-five dollars. He claims the pension to be exempt, not only from levy under

an execution issued upon the judgment, but also from one issued to garnishee his wages, and that the only remaining income with which to support and maintain his family is that derived from his services as a Federal employee. His family consists of himself and wife, and he has no other dependents, or outstanding obligations constituting a drain upon his income. He asserts the following monthly items as necessary for his family support and maintenance: They consist of sixteen dollars rent, forty-five dollars groceries, ten dollars clothing, twelve dollars and fifty cents heat, gas and electricity, and dental and medical bills estimated at ten dollars, a total of ninety-three dollars and fifty cents. In other words, Mr. Perkins' reply to this proceeding is, in substance, that he may absorb his salary in the support and maintenance of himself and wife and withhold his pension as a reserve fund to which he can resort to satisfy some whim or caprice.

A reading of the provisions of article 45 of the Civil Practice Act and the recent authorities interpreting the same leaves no doubt in the mind of the court that the relief provided thereby was designed to meet just such a situation as that now under consideration.

In the words of Mr. Justice MADIGAN of the City Court of New York county: "Section 793 of the Civil Practice Act is a forward step, a step in the right direction. Pursuant to it judgment debtors can be required to pay judgments against them to the extent that reasonably they should be required to do so. The remedy should not be subjected to construction so narrow or to application so limited as to render it ineffectual in cases to which it was intended to apply, especially where the debtors resort to devious devices to conceal their true earnings or to place their incomes beyond the reach of judgment creditors." (*Economy Leases, Inc.*, v. *Bierman*, 159 Misc. 367; affd., March 26, 1936, Sup. Ct. App. Term, First Dept.)

This court has no power to compel the Federal government to deduct anything from the pension of Mr. Perkins for the purpose of satisfying a judgment or demand of a creditor, so long as the moneys derived therefrom " Can be clearly identified and are used in the purchase of *necessary articles*, or are loaned or invested for purposes of increase or safety, in such form as to secure their available use for the benefit of the pensioner in time of need." (*Yates County Nat. Bank* v. *Carpenter*, 119 N. Y. 550, 555, 556.) Thus the Court of Appeals interpreted section 1393 of the Old Code of Civil Procedure (now Civ. Prac. Act, § 667), and the rule there laid down still obtains. (*Surace* v. *Danna*, 248 N. Y. 18; *Ley Realty Corp.* v. *Foley*, 161 Misc. 666.) In adopting this rule

I am not unmindful of the limitation placed thereon by the *Carpenter* case, but in the instant proceeding there is no proof before the court indicating that the judgment debtor used this pension to embark in trade, commerce or speculation to such an extent as to be incapable of identification or separation.

As to the salary of Mr. Perkins, however, a different situation exists. While his wages were doubtless safe from garnishee while reposing in the government coffers, this protection ceased when these moneys reached the hands of the judgment debtor, and it became his personal property subject to the jurisdiction of this court under section 793 of the Civil Practice Act. (*Cross Bay Lumber Co., Inc.*, v. *Samoa* [*Snover*], 161 Misc. 458.) In the words of Mr. Justice EVANS of the City Court of New York:

" Was section 793 intended to open the door for applying the salaries or wages of Federal employees to State judgments? It virtually does, for, after the money is paid by the Federal government to its employee, it becomes the private property of the individual, and the State has the right to cause it to be applied to the payment of a judgment.

" Prior to the legislation of 1935 (Chap. 630), Federal employees were virtually exempt from the processes of section 684 of the Civil Practice Act, and they still are. But since the order to pay now falls directly upon the employee and judgment debtor, by virtue of the provisions of section 793, they become subject to the processes of the State for the collection of a judgment.

" One is not now exempt from the processes for the collection of a judgment, merely because he is a wage-earner and receives his wages from the Federal government." (*Dibner* v. *Cousminer*, 157 Misc. 229; *Matter of Reeves* v. *Crownshield*, 274 N. Y. 74, 80; *Bool Floral Co., Inc.*, v. *Coyne*, 158 Misc. 13.)

In the proceeding at bar the moving papers reveal no prior application for garnishee order. The judge points out in the *Dibner* case the futility of an attempt to resort to this remedy under the instant facts. He says: " Here the creditor is blocked from resorting to a garnishee order, not because of a prior garnishee order, but because a Federal agency is involved." (*Dibner* v. *Cousminer*, 157 Misc. 229.)

The discretionary power vested in this court by the provisions of section 793 of the Civil Practice Act when read in the light of the foregoing authorities convinces me, and I do so hold, that the moneys derived by Mr. Perkins from the Federal agency at Bath, N. Y., in the form of monthly salary are properly before this court for consideration in determining whether I should order the judgment debtor, Mr. Perkins, to pay to the judgment creditor,

Mr. Bowes, or apply on his judgment, in installments, any portion thereof. The obvious purpose of the pension which the judgment debtor receives is " to promote the comfort of the soldier; to secure to him the bounty of the government, free from the claims of creditors, and *to insure him and his family a safe, although modest maintenance, so long as their needs require it."* (Italics mine.) (*Yates County National Bank* v. *Carpenter*, 119 N. Y. 550, 555.)

In the light of this rule, can it be said that the monthly sum of thirty-five dollars, received by Mr. Perkins in the form of a bounty from the government, should not be considered by this court in determining whether the judgment debtor should be compelled to devote a portion of the monthly salary to the satisfaction of the judgment upon which this proceeding rests? If the purpose of his pension is to insure Mr. Perkins and his wife " a safe although modest maintenance," then the amount fixed by Mr. Perkins as necessary for the monthly maintenance of Mrs. Perkins and himself should be deducted from his total monthly income of one hundred and twenty-five dollars. In other words, the pension should be devoted to the purpose for which it was designed. If this is done, then Mr. Perkins would only require, upon his own estimate, fifty-eight dollars and fifty cents from the monthly salary of ninety dollars, leaving a balance of monthly income in his hands of thirty-one dollars and fifty cents.

I am, therefore, convinced that the judgment debtor, Fred Perkins, should pay a reasonable portion of his salary in monthly installments, which I fix at twenty dollars, beginning January 3, 1939, to the liquidation of the judgment out of which this proceeding arose, either by paying the same to the judgment creditor, or his attorney, or by applying these installments to the judgment so held by the said judgment creditor until the obligation aforesaid has been liquidated, or the order to be entered herein modified.

Let order enter accordingly.