In the Matter of Supplementary Proceedings: RENTALL REALTY CORP., Judgment Creditor, *v.* KATE MARKSVILLE, Judgment Debtor.

City Court of New York, Special Term, Bronx County, February 28, 1939.

*Avner Lewis*, for the motion.

*Maxwell Shapiro*, opposed.

EVANS, J. This is an application to compel the judgment debtor to make payments, on account of a judgment against her, under section 793 of the Civil Practice Act. The only income the debtor has is alimony of thirty dollars a week under a decree of the Supreme Court. The decree fixed the amount, not for the debtor herself, but for her and two infant children. The decree does not allocate any part of the alimony for the debtor or for the children, separately.

The income of a debtor, however or whenever acquired or earned, is subject to the court's direction under section 793 of the Civil Practice Act. (*Matter of Reeves* v. *Crownshield*, 274 N. Y. 74; *Bool Floral Co.* v. *Coyne*, 158 Misc. 13.) And it may be that even alimony, as income, may be subject to the court's direction, if the amount thereof, properly allocable to the debtor, may be ascertained. (*Conlew, Inc.*, v. *Thompson*, 160 Misc. 551.)

There does not seem to be any statutory exemption for alimony like there is for other special kinds of income. (*Surace* v. *Danna*, 248 N. Y. 18; *Ley Realty Corp.* v. *Foley*, 161 Misc. 666.) But even so, there is no way for this court to ascertain how much of the thirty dollars weekly alimony the Supreme Court had in mind for the debtor, and how much thereof it had in mind for the infants. This court has no jurisdiction to allocate any particular sum for the debtor, because, if it undertook to do so, it would, to that extent, modify the decree of another court. Even at a Special Term of the

Supreme Court, such a power, exercised on behalf of a judgment creditor, is doubted. (*Matter of Weingart* v. *Cohen*, 159 Misc. 891).

Without a fair and lawful allocation of the alimony for the debtor no court can undertake to direct her to make payments under section 793 of the Civil Practice Act, because it might subject that part of the alimony decreed on behalf of the infants to the mother's debts.

The motion is denied.