In the Matter of Supplementary Proceedings: JOHN K. FORD, Judgment Creditor, Respondent, v. CLARENCE BAILEY, Judgment Debtor, Appellant.

Fourth Department, May 15, 1940.

*John W. Hollis*, for the appellant.

*Domenick L. Gabrielli*, for the respondent.

HARRIS, J. This is an appeal from an order made by virtue of the provisions of section 793 of the Civil Practice Act, directing that the judgment debtor pay the sum of ten dollars a month on a judgment in the amount of $328.05, recovered July 7, 1937, by the judgment creditor. Previous to the granting of the order appealed from the judgment debtor had been examined in proceedings supplementary to execution on the judgment and such examination developed that the judgment debtor had no assets or income other than a pension of $104.17 a month. Such pension became payable to the judgment debtor as a consequence to his service in the police department of the city of Hornell, and he has been drawing such pension since his retirement from such service.

The appellant claims that the provisions of section 70 of the Civil Service Law exempt the pension from execution or similar process, including the order from which appeal has been made.

The respondent contends that by reason of the provisions of section 793 of the Civil Practice Act the pension is no longer exempt from such process.

The reported cases on the question involved herein are *Ley Realty Corporation* v. *Foley* (161 Misc. 666 [City Court of New York]); *Bowes* v. *Perkins* ([Special Term, Supreme Court], 169 id. 624).

In the *Ley* case the court held that the pension which was that of a retired captain of the United States navy was not affected by section 793 of the Civil Practice Act. In this the court followed the thought expressed in *Yates County Nat. Bank* v. *Carpenter* (119 N. Y. 550).

In the *Bowes* case the judgment debtor was receiving money from two sources: (1) A Federal pension; (2) a Federal salary. The Supreme Court in that case ordered installment payments on a judgment and, in reaching the amount of the necessities of the judgment debtor and his family, took into consideration both of the items of income. However, the installment ordered was less than the salary item of income. It is this *Bowes* case which undoubtedly misled the court below into ordering the payment in the matter now before us. The term " misled " is used because it is apparent from reading sections 792 and 793 of the Civil Practice Act and sections 684 and 685 of that act that the Legislature, by enacting section 793 of the Civil Practice Act, intended to enlarge the provisions of sections 684 and 685, but did not intend to do away with the exemption under section 70 of the Civil Service Law. If it had so intended it would either have said specifically that pension moneys should be subject to installment payments on judgments or it would have amended section 792 of the Civil Practice Act so as to have removed the exemption of pension moneys from levy.

The order herein should be reversed on the law and the application for the payment of installments from the pension of the judgment debtor should be denied; this without costs of this appeal or on such motion.

All concur, except CROSBY, P. J., who dissents and votes for affirmance. Present — CROSBY, P. J., CUNNINGHAM, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law, without costs of this appeal to either party, and motion denied, without costs.