In the Matter of Proceedings Supplementary to Execution under a Judgment in Favor of ANNA TAPPE, INC., Judgment Creditor, Respondent, v. MARY GITTINGS BATTELLE, Judgment Debtor, Appellant.

Supreme Court, Appellate Term, First Department, April 30, 1931.

*Norman W. Kerngood* [*John J. Mangin, Jr.*, of counsel], for the appellant.

*Becker & Leibowitz* [*Benjamin Leibowitz* of counsel], for the respondent.

PER CURIAM. It is well settled that alimony cannot be sub- jected to the claims of creditors when such claims antedate the allowance thereof. (*Romaine* v. *Chauncey*, 129 N. Y. 566.) As to

judgment creditor's claims arising after the allowance, particularly those for necessaries, the law appears to be that alimony is subject thereto. (*Stevenson* v. *Stevenson*, 34 Hun, 157; *West* v. *Washburn*, 153 App. Div. 460; *Fickel* v. *Granger*, 83 Ohio St. 101; Schouler Marr., Div., Sep. & Dom. Rel. [6th ed.] § 1754.) Therefore, assuming that the money due to the wife from the husband herein should be deemed to have the attributes of alimony despite the agreement under which it arose, it would appear available to this creditor. Of course, a court of equity might interfere in a proper case to the extent necessary to protect the sustenance of wife or children even as to a claim arising subsequent to the allowance.

Order affirmed, with ten dollars costs and disbursements.

All concur; present, LEVY, CALLAHAN and PETERS, JJ.