[S. F. No. 14747. In Bank.—October 31, 1933.]

ARTHUR W. KECK, Respondent, v. LIZZIE B. KECK, Appellant.

Waldo F. Postel for Appellant.

William P. Hubbard for Respondent.

SEAWELL, J.—On September 3, 1930, Arthur W. Keck was cited by the Superior Court of the City and County of San Francisco to show cause why he should not be punished for contempt in failing to make monthly payments due Lizzie B. Keck under an order for alimony *pendente lite*. The hearing on this order to show cause was not held

until May 11, 1932. In the meantime an interlocutory decree of divorce had been entered on March 16, 1931, in favor of Lizzie B. Keck, on her cross-complaint for extreme cruelty and wilful desertion, by which she was allowed $100 a month for her support, with the provision that cross-defendant might pay her $10,000 within six months, and thereby be released from all future payments. Arthur W. Keck had been awarded custody of the three children of the marriage in a separate proceeding. The hearing on May 11, 1932, resulted in the order from which Lizzie B. Keck prosecutes this appeal.

Said order provided that Arthur W. Keck pay to Lizzie B. Keck the sum of $1,000 "in full settlement, satisfaction and discharge of all claims and demands whatever, and particularly of all claims and demands referred to and decreed and ordered and directed to be paid by said plaintiff-cross-defendant Arthur W. Keck to defendant-cross-complainant Lizzie B. Keck in said interlocutory decree". The court further ordered Mr. Keck to pay $750 to the attorney for Lizzie B. Keck in full settlement of attorney's fees.

It is conceded that $1387.50 was due for alimony *pendente lite,* and that $1200 was due under the interlocutory decree, making a total of $2,587.50 due on May 11, 1932. It is the contention of appellant Lizzie B. Keck that no motion for modification of the decrees for alimony had been made, or notice thereof served on her. She further contends that the effect of the order appealed from is to modify the alimony as to accrued installments, in which she had a vested right, contrary to the rule that alimony decrees can be modified only as to future installments.

The record on appeal contains no written motion for modification, or written notice of motion therefor. But motions may be made orally and written notice of motion may be waived. (*Morel* v. *Morel,* 203 Cal. 417 [264 Pac. 760]; *Hammond Lumber Co.* v. *Bloodgood,* 101 Cal. App. 561 [281 Pac. 1101]; *Walberg* v. *Underwood,* 39 Cal. App. 748 [180 Pac. 55]; 18 Cal. Jur. 649, 652.) In his several affidavits respondent set forth his present and prospective inability to make the payments ordered. The proceedings upon the hearing of May 11, 1932, and upon the occasions when continuances were had between September 26, 1930, and May 11, 1932, are not set forth in the record on appeal herein

either by reporter's transcript or bill of exceptions. In this situation it must be presumed that in connection with the order to show cause the parties submitted to the court the entire matter of alimony, accrued and to accrue, and that a motion for modification was made orally and notice thereof waived. Both parties were personally before the court on May 11, 1932. It cannot be presumed that the court acted without right in the absence of a clear showing to that effect.

Respondent Arthur W. Keck contends that the order directing him to pay $1,000 in full settlement did not relieve him from paying accrued alimony for the reason that his former wife was indebted to him in the sum of $1896.26, and that the court offset said indebtedness against the accrued alimony in the sum of $2,587.50, leaving a balance of $691.24 due for accrued alimony. This balance is less than the amount of $1,000 which he is ordered to pay. He averred in the several affidavits filed by him prior to the hearing of May 11, 1932, that he had been adjudged incompetent several years prior to the divorce action, and that Lizzie B. Keck had been appointed his guardian; that in April, 1926, he was restored to capacity; and that the court below found $1896.26 to be due him upon final settlement of the guardianship accounts of Lizzie B. Keck on March 27, 1930, which sum she has never paid to him. Lizzie B. Keck filed no counter-affidavits.

The interlocutory decree awarding appellant Lizzie B. Keck a monthly allowance of $100 was rendered on March 16, 1931, a year after settlement of her guardianship accounts. It cannot be doubted that the court may order a husband to make monthly provision for his wife upon entry of a decree for divorce notwithstanding she is indebted to him. The wife may be entirely without means to pay her debt to her husband, or to support herself. In the findings which support the interlocutory decree herein the court found that Lizzie B. Keck was without any means for her support and maintenance, and that Arthur W. Keck was worth $50,000. The marital duty of a husband to support his wife is not suspended during the continuance of the marriage because the wife may be indebted to him. The obligation to pay alimony is founded on this duty, and is not an ordinary debt. Where the interlocutory decree is

silent, as in the case herein, as to an indebtedness of the wife to the husband, he may not as a matter of r'ght offset his obligation to pay monthly alimony against the wife's debt to him, and thus relieve himself from making provision for her support. The two demands do not by operation of law compensate and discharge each other (23 Cal. Jur. 254) under section 440 of the Code of Civil Procedure. The husband may not, in the manner of an ordinary judgment debtor, as a matter of right, and by motion (15 Cal. Jur. 275) have a judgment against him for alimony offset against a judgment in his favor against his wife.

It is the general rule that alimony ordered to be paid in a divorce action cannot be garnished or appropriated to payment of the wife's debts contracted prior to the decree granting the alimony, either where her creditor is a third party or her divorced husband. (*Bensel* v. *Hall*, 177 Minn. 178 [225 N. W. 104] ; *Tappe* v. *Battelle*, 140 Misc. 49 [249 N. Y. Supp. 589] ; *Maurice Baskin & Co.* v. *Howe*, 225 App. Div. 553 [233 N. Y. Supp. 648] ; *Wright* v. *Wright*, 93 Conn. 296 [105 Atl. 684] ; note, 55 A. L. R. 361.)

We are inclined to the view that where a liberal support allowance suitable to the circumstances and financial condition of the parties is made, the court should have the right in a proper case to provide as a part of the decree that the husband may withhold a portion of the allowance each month in payment of his wife's indebtedness to him. But in the case herein the interlocutory decree contains no such provision, and hence its legal effect is to order Arthur W. Keck to pay $100 a month to his divorced wife in cash. The order appealed from is a subsequent order in the nature of a modification of the original decree. It is settled that a decree for alimony may be modified as to installments to become due in the future. As to accrued installments it is final. (*Sistare* v. *Sistare*, 218 U. S. 1 [30 Sup. Ct. 682, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068] ; *Parker* v. *Parker*, 203 Cal. 787 [266 Pac. 283] ; *Rinkenberger* v. *Rinkenberger*, 99 Cal. App. 45 [277 Pac. 1096] ; *Cummings* v. *Cummings*, 97 Cal. App. 144 [275 Pac. 245] ; *Bruton* v. *Tearle*, 117 Cal. App. 696 [4 Pac. (2d) 623] ; *Caples* v. *Caples*, 47 Fed. (2d) 225 ; *Bolton* v. *Bolton*, 86 N. J. L. 622 [92 Atl. 389, Ann. Cas. 1916E, 938] ; *Alexander* v. *Alexander*, 164 S. C. 466 [162 S. E. 437, 82

A. L. R. 719]; notes, 41 A. L. R. 1419; 57 A. L. R. 1113; 1 R. C. L. 957-960.)

■ A subsequent order which relieves the husband from paying accrued alimony in cash as ordered, and discharges said alimony by offsetting it against an indebtedness of the wife to the husband existing at the time of entry of the divorce decree is a modification as to past due installments, just as is an order requiring the wife to accept in full settlement of accrued alimony less than the full amount due.

It is by virtue of the finality of alimony decrees as to past due installments that the Supreme Court of the United States has held that an alimony decree of one state is within the full faith and credit clause, and must be recognized in the courts of another state. (*Sistare* v. *Sistare, supra.*) If under the laws of the state where the decree is rendered it is subject to modification retroactively as well as prospectively, it is not within the full faith and credit clause. (*Lynde* v. *Lynde,* 181 U. S. 183 [21 Sup. Ct. 555, 45 L. Ed. 810].) To hold that alimony decrees may be modified retroactively in the manner contended for herein would be contrary to the rule of finality as to past due installments, with the result that where the wife is indebted to the husband decrees of this state would not be within the protection of the full faith and credit clause even as to past due installments under the doctrine of *Sistare* v. *Sistare, supra.*

■ Upon the record before us it must be held that the court below attempted to modify the alimony orders as to accrued installments, contrary to law. We have heretofore held that in the absence of a reporter's transcript or bill of exceptions it must be presumed in disposing of this appeal that a motion for modification was made. In the state of the record it cannot be ascertained at what date such a motion was made, if in fact it was made. ■ A modification as to future installments may be made as of the date when modification is applied for, and is not required to be made as of the date of hearing. (*Estate of Boselly,* 179 Cal. 218 [176 Pac. 45].) In the case herein the entire matter of alimony and motion for modification may have been submitted to the court before the hearing of May 11, 1932, upon one of the occasions when continuances were had. In that event, the court below, if the justice of the case requires it, may, upon further proceedings, relieve re-

spondent from liability for that portion of the sum of $2,587.50 which accrued subsequent to the date when the matter of modification was addressed to the court.

 Of course, respondent cannot be punished for contempt as to delinquent installments beyond his ability to pay. (1 Cal. Jur. 986, and 5 Cal. Jur. 948, and cases there cited.) But it does not follow that the court can make a general order modifying a decree as to past due installments, and thereby affect the liability for alimony, as well as the remedy to enforce payment by contempt proceedings. The order herein purports to be a general order of modification.

 That portion of the order of May 11, 1932, which directs respondent to pay $750 to the attorney for Lizzie B. Keck is null and void on its face. (*Stevens* v. *Stevens*, 215 Cal. 702 [12 Pac. (2d) 432] ; *Pennell* v. *Superior Court*, 87 Cal. App. 375 [262 Pac. 48].) Said attorney was not a party to the action. Lizzie B. Keck has appealed from the whole of the order of May 11, 1932. Said order ·is, therefore, reversed in its entirety.

Thompson, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.