[Civ. No. 12118.   Second Appellate District, Division Two.—March 14, 1939.]

ELLA B. DREESEN, Respondent, v. WILLIAM DREE-SEN, Appellant.

Wayne Compton and William M. Wylie for Appellant.

Joseph S. Campbell for Respondent.

WOOD, J.—Plaintiff commenced an action in the Court of Common Pleas of Allegheny County, Pennsylvania, in 1932, whereby she sought a divorce *a mensa et thoro*.  An answer was filed by defendant and thereafter upon the customary

proceedings in Pennsylvania an order was made by the court directing defendant to pay to plaintiff the sum of $30 per week as alimony *pendente lite*. After making certain payments defendant fell in arrears. He thereafter established a residence in the state of California. On August 5, 1937, the Pennsylvania court ordered judgment entered in favor of plaintiff and against defendant in the sum of $5,235, the amount then accrued and unpaid on the alimony order. On September 21, 1937, defendant filed a petition in the court of common pleas to reopen the matter of the judgment therein entered on August 5, 1937. This petition was denied and an appeal was taken by defendant but the appeal was dismissed for failure of defendant to comply with a court order to pay the alimony due or furnish a bond to secure the payment. Defendant prosecutes this appeal from a judgment obtained by plaintiff in the superior court in the sum of $5,235, the amount of the judgment ordered by the Pennsylvania court on August 5, 1937.

It is the contention of defendant that since the action for divorce is still pending in Pennsylvania the judgment in that state is not such a final judgment as to entitle plaintiff to sue upon it in California under the full faith and credit clause of the Constitution of the United States. It is argued that the Pennsylvania court may in its final disposition of the proceedings modify the judgment heretofore entered. The rule applicable is stated in the leading case of *Sistare* v. *Sistare*, 218 U. S. 1, 16 [30 Sup. Ct. 682, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068] : ''Generally speaking, where a decree is rendered for alimony and is made payable in future instalments the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case, 'alimony decreed to a wife in a divorce or separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is'. Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the de-

cree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony has been made prior to the instalments becoming due.''

It is the rule in the majority of the states, and in our opinion the better rule, that instalments of alimony become vested when they are due and the court has no power to modify the decree retroactively as to the instalments past due. California is among the states which follow this rule. (*Parker* v. *Parker*, 203 Cal. 787 [266 Pac. 283] ; *Keck* v. *Keck*, 219 Cal. 316 [26 Pac. (2d) 300].) In 94 A. L. R. at page 332 the states are listed which follow the majority rule. We have been furnished with no authority from Pennsylvania, and we can find none, which determines that the rule in Pennsylvania is different from the majority rule. In 19 C. J., at page 272, it is said that the power to modify decrees allowing alimony extends only to future instalments and not to alimony already accrued ''in the absence of clear language manifesting contrary intent''. We find no language manifesting a contrary intent in the laws of Pennsylvania. In the section providing for alimony *pendente lite* we find the following : ''In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony *pendente lite* and reasonable counsel fees and expenses.'' (Purdon's Pennsylvania Stats. Ann., title 23, sec. 36.) The orders made by the court of common pleas were appealable and defendant did in fact enter an appeal but his appeal was dismissed. The orders and judgment in Pennsylvania have long since become final. We conclude that the Pennsylvania judgment is within the full faith and credit clause of the Constitution.

██ Defendant further contends that by an agreement made with plaintiff on December 24, 1936, reduced to writing and signed by both parties, he was relieved from paying the past and future instalments ordered by the Pennsylvania court. · The trial court found that this agreement ''was never executed and that the plaintiff never received anything on account of said agreement''. A complete answer to the defendant's contention is disclosed by an examination of the proceedings in the Pennsylvania court. In his petition to re-

482

open the judgment entered in Pennsylvania on August 5, 1937, defendant set forth the agreement in full and his petition was answered on this point by plaintiff. The matter was judicially passed upon when the court denied defendant's petition to reopen. The dismissal of the appeal which was subsequently taken by defendant finally disposed of the claim that defendant was relieved from his obligation to comply with the alimony order by the execution of the agreement.

The judgment is affirmed.

Crail, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1939.