654

RUBY MAY STEVENS, Appellant, v. HAROLD FORD STEVENS, Respondent.

Winthrop O. Gordon for Appellant.

Harold Ford Stevens, in pro. per., for Respondent.

MUSSELL, J.—Plaintiff appeals from an order modifying interlocutory and final decree of divorce.

On September 21, 1946, plaintiff was ordered to show cause in the Superior Court of Orange County why the court should not make an order modifying, vacating or terminating the order for alimony contained in an interlocutory and final judgment of divorce. The evidence and proceedings are set forth in an engrossed settled statement from which it appears that plaintiff commenced her action for divorce on April 20, 1943. On April 30, 1943, defendant husband filed his answer and a waiver of notice of time and place of hearing. The cause was tried April 30, 1943, and an interlocutory judgment of divorce was granted in favor of plaintiff. The interlocutory decree provided, among other things:

"That defendant . . . is ordered to pay to plaintiff the sum of $35.00 a week commencing on May 1, 1943, for plaintiff's care and support, and continuing thereafter until plaintiff shall remarry or until further order of the court."

Defendant learned of the terms of the order on or about May 15, 1943. At the time of the interlocutory decree he was a civilian, financially able to comply with the terms of the decree, and plaintiff was unemployed. On June 5, 1943, defendant was inducted into the armed services where he remained until June 16, 1946.

While defendant was in the Army plaintiff received an allotment of $50 per month. Plaintiff became gainfully employed and was earning approximately $150 per month while defendant was in the service. Defendant's first and only application to modify the terms of the decree was filed July 18, 1946. The trial court treated the affidavit and order to show cause as an application to modify the interlocutory decree, based on changed circumstances and after a hearing ordered a modification of the interlocutory judgment to take effect as of June 5, 1943. The modification was:

"That for and during the period of his military service, the support and maintenance payable by defendant to plaintiff shall be at the rate of $50.00 per month, only; said liability of support to terminate entirely as of the date of said defendant's discharge from such military service."

At the time of the order of modification, payments from June 1943, to June 1946, provided for in the interlocutory decree, had accrued and were in part unpaid.

█ Insofar as it affected the payments past due at the time of the hearing the order was of no effect. It is the settled rule that an award for alimony may be modified as to instalments to become due in the future, but as to accrued instalments it is final. (*Zaragoza* v. *Zaragoza,* 48 Cal.App.2d 27, 28 [119 P.2d 162]; *Keck* v. *Keck,* 219 Cal. 316, 320 [26 P.2d 300]; *Dreesen* v. *Dreesen,* 31 Cal.App.2d 479, 481 [88 P.2d 223].)

█ We have been unable to find any provision of the Soldiers' and Sailors' Relief Act of 1940 [54 Stats. 1178, 50 U.S.C.A. § 501 et seq.], and amendments thereto (tit. 50, App.Fed.Code Anno.), which authorizes the court to set aside the provisions of the interlocutory decree, made prior to defendant's entry into the armed forces, in an action in which he entered an appearance and waived notice of trial.

Plaintiff has appealed from the whole of the order of December 21, 1946. The order is therefore reversed in its entirety.

Barnard, P. J., and Griffin, J., concurred.