[Civ. No. 17812. Second Dist., Div. Three. Apr. 25, 1951.]

ARDOTH MILDRED FAUST, Appellant, v. DON DEWEY FAUST, Respondent.

B. W. Burkhead for Appellant.

William Kinley for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order quashing a writ of execution as to all sums in excess of $10 a month.

In 1938 plaintiff was granted an interlocutory judgment of divorce which provided: ''The defendant is hereby ordered to pay to plaintiff, for the support and maintenance of each of said minor children, the sum of $22.50 per month payable one-half on the 12th and one-half on the 27th days of each month commencing May 12, 1938, and continuing until the further order of this court or until said children reach the age of 21 years.'' There were two minor children.

On November 4, 1941, the following minute order was made: ''Order for support is reduced to $10.00 per month until defendant gets work again.'' Defendant has never made any payment to plaintiff under the order as reduced.

On August 10, 1949, plaintiff filed an affidavit for the issuance of a writ of execution in which she set forth the above quoted provision of the interlocutory judgment, the order of November 4, 1941, and stated that defendant had remarried on November 22, 1941; that he had hidden his assets by transferring them to his new wife in December, 1941, to avoid supporting his children; that he got work in 1942; that his income tax returns showed a net profit of $1,605.64 in 1943, of $1,718.31 in 1944; that one of his children (Thomas) had attained majority on April 18, 1945, and the other (Don) on July 20, 1946; that the order for the support of Thomas was in force 8 months and 10 days during the five-year period next preceding August 10, 1949, during which time $187.50 accrued; that the order for the support of Don was in force 1 year, 11 months, and 12 days during the five-year period next preceding August 10, 1949, during which time $526.50 accrued; that defendant had not made any payment pursuant to the order of November 4, 1941; and that $714 was unpaid. The affidavit prayed that execution issue for $714.

On August 10, 1949, an order was made that execution issue as prayed.

A writ of execution for $714 was issued and levied against $3,873.56 belonging to defendant and held in escrow by a bank pending the final outcome of the case of *Faust* v. *Faust*, 91 Cal.App.2d 304 [204 P.2d 906], a divorce action between defendant and his second wife.

In September, 1949, defendant moved to quash the writ. None of the averments made in the affidavit of plaintiff was denied in the affidavit filed by defendant in support of his motion to quash the writ. On September 30, 1949, the court

ordered that "Execution under which the funds were reached in the bank in excess of all sums over $10.00 per month is quashed." Plaintiff appeals from the latter order.

Plaintiff—appellant—contends that the only effect of the order of November 4, 1941, reducing the payments to be made by defendant for the support of his children to $10 a month "until defendant gets work again," was to suspend operation of the provision of the judgment providing for payment of $45 a month, "until" defendant got work again; that the order of November 4, 1941, terminated when defendant got work again, and from that moment until each child attained majority his obligation was to pay plaintiff $45 a month. Defendant asserts that plaintiff should have brought him into court on an order to show cause why he should not pay more than $10 a month. We have concluded that plaintiff's contention must be sustained.

Defendant's obligation to pay plaintiff for the support of the children was fixed by the interlocutory judgment. The order of November 4, 1941, did not order defendant to pay any amount. It merely reduced the amount—not until further order of the court but for a prescribed indefinite period, "until defendant gets work again." The order of November 4, 1941, is to be construed according to the same rules as apply to other writings. (*Roraback* v. *Roraback*, 38 Cal.App.2d 592, 596 [101 P.2d 772].) An order may be limited by its terms to a particular day *or event*. (60 C.J.S. 80, § 65(b).) "Until" is a "restrictive word—a word of limitation." (*Tolle* v. *Superior Court*, 10 Cal.2d 95, 97 [73 P.2d 607].) It means "up to the time of." It implies cessation or reversal at that time. It presupposes that when the condition following such word shall become operative, the precedent condition or status shall fall. (*In re Wiegand*, (D.C.Cal.), 27 F.Supp. 725, 729.)

The original order provided for stipulated monthly payments, "continuing" until further order of the court or until the children reached majority. It is significant that the court did not reduce the amount "until the further order of the court." It reduced it "until" defendant got work again. Use of the word "until" meant, and can only mean, that the payment of $10 a month was to remain in force up to the time the defendant got work again. The effect of the order was to relieve defendant from paying the amount of the original order only so long as he was unemployed. *Eo instanti*

when the defendant got work again the precedent condition—payment of $10 a month—fell. When he got work again the provision of the interlocutory judgment, continuing in effect at all times except as the amount was reduced for the indefinite period, was the measure of his obligation. The evidence is uncontradicted that in 1942 defendant got work again, had work, and was well able to pay $45 a month, during the period covered by the writ. It was incumbent on him at the time he got work again to make the payments provided by the interlocutory judgment. Plaintiff was not compelled to ferret defendant out, from time to time, to ascertain if he got work again. The obligation to support the children was on defendant. Defendant acquired the money on which the writ was levied "by disregarding his obligation to support his children so that the burden of their support fell upon plaintiff." (*Di Corpo* v. *Di Corpo*, 33 Cal.2d 195, 201 [200 P.2d 529] ; See *Faust* v. *Faust*, 91 Cal.App.2d 304 [204 P.2d 906].) As plaintiff says, "He preferred to hide behind his second spouse and now cries 'too late' when his shirking scheme comes to light through *Faust* v. *Faust*."

To hold that when defendant got work again a new order was required fixing the payments at $45 a month, or at some other amount, would require the insertion in the order of language which is not there, something neither the court below nor this court may do.

■ Plaintiff made a prima facie showing that defendant got work again in 1942. She was then entitled to have a writ of execution issued for all sums unpaid within the previous five years and during the minority of the children. (*Wolfe* v. *Wolfe*, 30 Cal.2d 1, 4 [180 P.2d 345].) If defendant, after obtaining work, had any valid ground for modification, the court, on his application, could have again modified the interlocutory judgment. (*Streeter* v. *Streeter*, 67 Cal.App.2d 138, 143 [153 P.2d 441].) ■ However, the accrued installments may not be modified. (*Stevens* v. *Stevens*, 88 Cal.App.2d 654, 655 [199 P.2d 314].)

We are not to be understood as approving the form of the order of November 4, 1941. It should have provided for payments until further order of the court or for a definite period. In the present case there is no dispute as to the fact that defendant got work again in 1942. In the usual run of cases the form of the order can only lead to uncertainty, further controversy, and needless litigation.

There are other considerations which require a reversal but as they are not mentioned in the briefs they need not be discussed.

Order reversed.

Wood (Parker), J., concurred.

SHINN, P. J.—I concur in the judgment. I would place the reversal on a different ground.

The order quashing the writ was in my opinion improper and futile. Some three weeks prior to defendant's notice of motion to quash the writ the sheriff made his return showing that he had collected and paid to plaintiff's attorney the full amount called for. The writ had served its purpose. It was *functus officio*. There was no writ to recall. Defendant moved to quash the writ, leaving the return unchallenged. The effect of vacating an outstanding writ of execution is to stay further proceedings and to release the lien of any levy made under it. When the writ has been duly executed and returned any attack should be directed against what has been done, such as a sale of property, or, as here, the collection and payment of money. The writ being dead the attempt to set it aside in part was a vain act. The order should be reversed because it purports to affect the rights of plaintiff by an unauthorized and wholly ineffective procedure. I would not wish to say, even by implication, that an order purporting to quash a writ of execution that has been duly executed and returned can affect in any manner the proceedings had under it.