[Civ. No. 30039. Second Dist., Div. Three. Dec. 29, 1965.]

GRACE VICK, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY, Respondent; HUGH L.
VICK, Real Party in Interest.

Robert L. Brock, Edwin S. Saul and Brock & Saul for
Petitioner.

Harold W. Kennedy, County Counsel and William F.
Stewart, Deputy County Counsel for Respondent.

Steven Edmondson for Real Party in Interest.

FRAMPTON, J. pro tem.*—Prohibition to restrain the
respondent court from proceeding to hear and determine an
order to show cause why the provisions of an interlocutory
decree of divorce relating to child support should not be
modified.

An examination of the file in the action below and the
petition discloses that petitioner, Grace Vick, was the plain-
tiff in an action for divorce filed by her on January 15, 1952,

*Retired judge of the superior court sitting under assignment by the
Chairman of the Judicial Council.

entitled ''Grace Vick, Plaintiff, vs. Hugh L. Vick, Defendant,'' number D 427309, in the Superior Court of the State of California for the County of Los Angeles. The action was tried and on March 20, 1952, an interlocutory decree of divorce was granted to the plaintiff wherein she was awarded the custody of the two minor children of the marriage, Coralee Jean and Vicky Lynn, and the defendant, Hugh L. Vick, the real party in interest here, was ordered to pay to the plaintiff for the support of each minor child the sum of $22.50 per week until further order of the court. On application of the plaintiff, a final judgment of divorce was entered on December 28, 1953. The provisions of the interlocutory decree relating to child support which were incorporated in the final decree were, on March 30, 1959, by order of the court based upon a stipulation of the parties, modified so as to terminate the support payments for the minor child Coralee Jean whose custody had, by agreement of the parties, been given to the defendant. On March 16, 1961, the interlocutory decree was further modified to provide for the payment to the plaintiff of the sum of $32.50 per week for the support of the minor child Vicky Lynn and for the payment of the reasonable hospital, medical and dental expenses incurred on behalf of the child.

On July 30, 1965, the husband filed a declaration in support of an order to show cause why the provisions of the interlocutory decree entered March 20, 1952, and the order modifying such decree made on March 16, 1961, should not be further modified. The declaration states, as a basis for modification, changes in conditions and circumstances as follows, ''For every calendar year down to 1963, defendant claimed and was allowed the minor children as exemptions on his Federal and State income tax returns. Plaintiff claimed the exemption on Vicky Lynn during the year 1963 and I am informed and believe and thereon allege claimed it on the 1964 return as a result of which a conflict on double deductions has arisen with the Internal Revenue Service. Defendant alleges that the sums paid by him under said orders far exceed 51% of the total reasonable support actually paid for said children and the claims of deduction by the plaintiff are without right.'' The declaration goes on to state, ''Based upon the foregoing facts I hereby declare that it will be fair, equitable and reasonable to, and I request the court to modify the above-mentioned Order and make further, different, or additional Orders, as follows: to-wit: For an order determining which party in fact paid 51% or more for the

minor child Vicky Lynn Vick during the years 1963 and 1964, and who is, therefore, entitled to the income tax deduction to clarify the conflict with the Internal Revenue Service.''

Based upon the foregoing declaration, the respondent court issued an order to show cause and set the hearing thereon for August 19, 1965. The hearing on such order was continued and on September 13, 1965, the petitioner filed a motion to quash or dismiss the order to show cause and for attorney's fees. On November 4, 1965, both the order to show cause and the motion to quash or dismiss came on for hearing, at which time the respondent court denied the order to quash or dismiss and continued the hearing on the order to show cause until December 15, 1965. Unless restrained respondent court will proceed to a hearing and determination of the issues presented by the declaration and order to show cause. It further appears that when the defendant filed his declaration and the order to show cause was issued, he also filed a notice to take the plaintiff's deposition and obtained a subpoena duces tecum requiring plaintiff to appear and produce her income tax returns and other documents at the time and place noticed for the taking of her deposition by defendant's attorney. In the affidavit of one of plaintiff's attorneys, filed in the respondent court, in support of the motion to quash or dismiss, it is asserted that ''Plaintiff is without funds to oppose this motion in re modification and should be allowed reasonable fees and costs in connection therewith.''

Only the federal courts have jurisdiction to determine factual questions concerning deductions, exclusions and exemptions regarding dependents. The imposition of the federal income tax is based upon an act of Congress and the application and interpretation of the act imposing such tax is purely a matter of federal law. In laying down the general rule by which conflicts between state and federal law may be resolved, the Supreme Court of the United States has said ''Here we are concerned only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation wide scheme of taxation. [Citations.] State law may control only when the operation of the federal

taxing act, by express language or necessary implication, makes its own operation dependent upon state law. [Citations.]'' (*Burnet* v. *Harmel* (1932) 287 U.S. 103, 110 [53 S.Ct. 74, 77 L.Ed. 199, 205]. If a local decision purports to decide the existence of a federal criterion in a federal tax case, it is not binding in a subsequent federal action. (*Michigan Trust Co.* v. *Kavanagh* (D.C.E.D. Mich. 1955) 137 F.Supp. 52 affirmed (6th Cir. 1960) 284 F.2d 502.) Thus, it is evident that any decision reached by the respondent court upon the hearing of the order to show cause, insofar as such decision would purport to establish the right of either the plaintiff or the defendant to claim the minor child as an exemption on her or his federal income tax return, would not be binding on the federal authorities charged with the administration and enforcement of the federal income tax law. It is to be noted further, that the defendant, by his order to show cause, seeks a determination with respect to taxable years in which tax returns have already been filed and in which it appears that the Department of Internal Revenue has already made its determination as to which of the parties was entitled to claim the minor child as an exemption. If the defendant seeks some further modification of the orders of the court, which would have the effect of ˙readjudicating or imposing new and different financial obligations on the parties for the years 1963 and 1964, such an order would be retrospective in its application and a court may not modify a decree retrospectively as it relates to the support and maintenance of a wife or as to an allowance for support, maintenance and education of the minor children of a marriage. (Civ. Code, § 139; *Keck* v. *Keck,* 219 Cal. 316, 320-321 [26 P.2d 300].)

 The application for the order to show cause presents no basis in law upon which the respondent court could issue a valid and binding order. To pursue the hearing on the order to show cause, under the circumstances here shown, would constitute a waste of the time of a court already heavily burdened with litigation. It would also be a waste of the time and money of the litigants as well as an imposition upon the time of counsel.

Let the peremptory writ of prohibition issue.

Ford, J., and Kaus, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied February 23, 1966.