[Civ. No. 29248.   Second Dist., Div. Two.   Mar. 21, 1966.]

CORINNE R. HANGEN, Plaintiff and Appellant, v. DONALD HOMER HANGEN, Defendant and Respondent.

Thomas Lisle Schechter for Plaintiff and Appellant.

Jack M. Lasky for Defendant and Respondent.

FOX, J.*—This is an appeal by plaintiff from an order which (1) reduced the amount of support payments for plaintiff and the minor children of the parties from $550 per month to $250 per month retroactive to November 2, 1964; and (2) determined that defendant is in arrears in his support obligations in the amount of $710 rather than the sum of $1,000, There is no dispute as to the facts on this appeal.

Plaintiff filed a suit for divorce on May 13, 1964. Defendant filed his answer on September 1, 1964. On June 12, 1964, an order was entered requiring defendant to ''pay to plaintiff the sum of $550 per month for the temporary support and maintenance of plaintiff and the two minor children of the parties, commencing July 1, 1964, and continuing payable on the first day of each month thereafter.'' On October 28, 1964, an order to show cause was issued at the request of defendant in re modification of temporary alimony and child support and set for hearing on November 2, 1964. An order was also made on

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

that date shortening the time for service on plaintiff to not later than two days before the date set for the hearing of the order to show cause. These papers were served upon the plaintiff on October 30. The matter was partially heard on November 2 but continued for further hearing on November 23. At the conclusion of the hearing the court ordered, *inter alia,* "that the support payments . . . be reduced to $250.00 per month retroactive to November 2, 1964." The court also directed counsel for plaintiff to prepare an order for the court's signature. The formal order (as finally corrected *nunc pro tunc* and filed January 11, 1965) provides in pertinent part:

"IT IS ORDERED that the Order entered June 12, 1964 . . . ordering defendant DONALD HOMER HANGEN to pay plaintiff CORINNE R. HANGEN the sum of $550.00 per months for the temporary support and maintenance of plaintiff and the two minor children, commencing July 1, 1964, and continuing payable on the first day of each month thereafter, is modified so that the said support payment is reduced to the sum of $250.00 per month retroactive to November 2, 1964."

It should be noted at the outset that plaintiff does not question the sufficiency of the evidence to justify the reduction in amount of the support payments from $550 to $250 per month. Rather, this appeal is specifically directed to the portion of the order reducing the amount of family support for the month of November 1964. This raises the question: Did the trial court have the power to reduce the amount of alimony and child support which had theretofore accrued? If it is determined that the court erred in reducing the support payment that was due on November 1, 1964, then the determination that defendant was in arrears in the amount of $710 rather than $1,000 must fall since the former figure was predicated upon the reduction in the amount of support taking effect on November 2, 1964.

". . . It is settled that a decree for alimony may be modified as to installments to become due in the future. As to accrued installments it is final." (*Keck* v. *Keck,* 219 Cal. 316, 320 [26 P.2d 300], and cases there cited.) In the course of the opinion in *Keck* the court, however, stated that (p. 321) "A modification as to future installments may be made as of the date when modification is applied for, and is not required to be made as of the date of hearing." It is upon this statement from the *Keck* case (which was decided in 1933) that defendant relies in support of the court's action in making the modifi-

cation of November 23, 1964, retroactive to November 2. In 1939, this court in *Dreesen* v. *Dreesen,* 31 Cal.App.2d 479, stated (p. 481 [88 P.2d 223]) :

"It is the rule in the majority of the states, and in our opinion the better rule, that instalments of alimony become vested when they are due and the court has no power to modify the decree retroactively as to the instalments past due. California is among the states which follow this rule." (Hear. den.)

These declarations of our courts seem to create some uncertainty and confusion as to when a modification of a support order might be made effective; that is, was it effective on the date it was made or might it be made retroactive to a portion of a payment which by the terms of the previous support order had become due before the modification order was heard or made.

In 1951, section 137, Civil Code, was rewritten, enlarged and expanded by adding sections 137.1, 137.2 and 137.3. A variety of situations in the domestic relations field was covered in these added sections, many of them spelling out procedural matters in considerable detail and attempting to avoid uncertainty and confusion by being very specific wherever feasible. ██ Section 137.2 deals with the problem at hand. In pertinent part it provides:

"During the pendency of any action for divorce or for separate maintenance or for the support, maintenance or education of children, the court may order the husband or wife or father or mother, as the case may be, to pay any amount that is necessary for the support and maintenance of the wife or husband and for the support, maintenance and education of the children, as the case may be. . . . *Any such order may be modified or revoked at any time during the pendency of the action except as to any amount that may have accrued prior to the order of modification or revocation.*" (Italics added.) The italicized portion of the quoted section serves to eliminate any confusion or uncertainty as to when an order of modification becomes effective for it provides that any support order may be modified at any time during the pendency of the action "except as to any amount that may have accrued prior to the order of modification. . . ."

The original order and the modification order each provides for support payments to be made to plaintiff "commencing July 1, 1964, and continuing payable on the first day of each month thereafter. . . ." Under this language of the order the

monthly support payments accrued on the first of each month, for the word "accrue" means "To come into existence as an enforceable claim; to vest as a right. . . ." (Webster's New International Dictionary; *Leahey* v. *Department of Water & Power,* 76 Cal.App.2d 281, 286 [173 P.2d 69].) Therefore, in the case at bench, plaintiff's support money had "accrued" before there had been any hearing on the defendant's order to show cause. It follows that under the italicized portion of section 137.2 quoted above, the court had no authority to modify retroactively as of November 2, 1964, the support provision for her and the children contained in the order of June 12, 1964. In support of this conclusion see: *Oliver* v. *Superior Court,* 197 Cal.App.2d 237, 239 [17 Cal.Rptr. 474]; *Evans* v. *Evans,* 185 Cal.App.2d 566, 569-570 [8 Cal.Rptr. 412]; *Carson* v. *Carson,* 179 Cal.App.2d 665, 670 [4 Cal.Rptr. 38]; *Ducharme* v. *Ducharme,* 152 Cal.App.2d 189, 194 [313 P.2d 33]; *Anderson* v. *Anderson,* 129 Cal.App.2d 403, 407 [276 P.2d 862].

Since the court erroneously reduced the support installment for the month of November 1964, it follows that the court also erred in determining that defendant's arrearage in payments was $710. It should have been $1,000.

The order of January 11, 1965, is modified by (1) striking the language "retroactive to November 2, 1964," wherever it appears in said order, and (2) striking the figure "$710" wherever it appears in said order and inserting in place thereof $1,000.

As so modified, said order is affirmed.

Roth, P. J., and Herndon, J., concurred.