LOUISE R. HENDRIX ET AL. *v.* CLIFFORD R. HENDRIX, JR.

ALCORN, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued October 6—decided December 1, 1970[1]

---

[1] For records and briefs see Vol. A-508, p. 567.

*Peter M. Ryan,* with whom, on the brief, was *Paul D. Cullen,* for the appellant (defendant).

*P. Hurley Bogardus, Jr.,* for the appellees (plaintiffs).

ALCORN, C. J.   This action was brought by the named plaintiff individually and on behalf of her two daughters, all residents of the state of Pennsylvania, against the defendant, a resident of Connecticut, seeking a modification of orders of support in a California divorce decree, past support, counsel fees and other equitable relief. The action was returnable on the first Tuesday of November, 1966.   In addition to admissions and denials of the allegations of the complaint, the defendant pleaded both payment and estoppel as defenses to the claim for past support and, by way of counterclaim, sought custody of the children on the ground that the named plaintiff was an unfit person.   The court found the issues for the plaintiffs; increased, effective from the return day of the action, the support ordered in the California decree; and awarded counsel fees to the plaintiffs' attorneys.   The defendant has appealed from that judgment.

The facts as found by the trial court are not subject to correction in any material respect.   The named plaintiff, hereinafter called the plaintiff, married the defendant in Bryn Mawr, Pennsylvania,

in 1951. There are two daughters of the marriage, born, respectively, in 1952 and 1955. While domiciled in California, the plaintiff and the defendant, in contemplation of a pending divorce action, made a written agreement dated August 15, 1956. The agreement recited, in substance, that their purpose was to settle permanently their property rights and their rights and obligations concerning the support of the plaintiff and their children and to effect a full and complete settlement "for all time as between them" of all claims and demands against each other. The defendant agreed to pay the plaintiff $750 a month for a period of ten years and one month unless she sooner died or remarried; and to pay her $125 a month for the support of each of the daughters so long as each resided with the plaintiff and until each reached the age of twenty-one, died or was married. After provisions as to custody of the children, they agreed that if a divorce should be granted neither party would ask or accept any financial provision varying from the amounts agreed to and that the court might order the agreed payments and retain jurisdiction to enforce them. The agreement recited that it should be construed according to California law and it contained mutual releases of all liabilities and obligations, past and future, other than those expressed therein.

At the time of the agreement the defendant's adjusted gross income was $53,946. The two daughters were, respectively, five and two years old. On August 27, 1956, a California court granted the plaintiff an interlocutory judgment of divorce from the defendant, and, on October 4, 1957, the judgment was made final. The final judgment incorporated the agreement of August 15, 1956, in full and ordered the parties "to fulfill and perform all of the

terms and obligations of said agreement, the same being merged into this judgment".

The plaintiff has not remarried and now lives with her two daughters in a home which she owns in Villanova, Pennsylvania. The defendant has remarried and has two minor children, issue of that marriage. At the time the present case was tried, the two daughters of the parties were fifteen and twelve years old, respectively. Since the date of the divorce, there has been a substantial change in their financial, social, medical, recreational, educational and cultural needs as well as a general increase in the cost of living. During the same period, the plaintiff's financial position has worsened because the alimony payments ordered by the California judgment terminated in September, 1966. On the other hand, the defendant's adjusted gross income had increased to $74,713 in 1966. The judgment from which the present appeal is taken was rendered on February 9, 1968, and at the time of the trial the defendant's income was approximately $80,000 per year. The plaintiff is able to support herself with earnings from her employment supplemented by a variable monthly allowance from her mother.

The plaintiff made no serious demand on the defendant for any increase for support for their two daughters until 1966. After negotiations which began in February, 1966, the present action was started, and, in January, 1967, the defendant voluntarily agreed to pay all medical, dental and educational bills incurred for the benefit of the two daughters in 1967 as well as the cost of sending one girl to camp in the summer of 1967, and these bills have been paid by him. Both of the girls have attended private school and, during the years 1965, 1966 and 1967, the defendant paid various amounts for their

education, medical attention, vacations, clothing, summer camps, amusements and the cost of trips to visit him in California. At the time of the trial one daughter was enrolled in a private school at a cost of over $3700 for the academic year. The other daughter was enrolled in a private school at which the tuition was $1125. The trial court has found that the plaintiff "has done an excellent job of raising" the girls, who have made a satisfactory adjustment in their school and home environment, and it is to their best interest that they continue to live in their present home. Since September, 1966, the plaintiff has been unable to meet the expense of supporting her daughters in this home, as submitted to and found by the court, with the moneys provided by the 1957 California support order. She was in debt at the time of trial in the amount of $25,842.71.

The trial court found that between August, 1966, and January 2, 1968, the plaintiff's attorney had devoted at least 400 hours to legal services on behalf of the two daughters, seeking a modification of the California support order, and that he could reasonably be expected to devote an additional fifty to seventy-five hours before the case ended. The court found it necessary to award attorney's fees for those services because neither the plaintiff nor the daughters are able to pay them.

The court concluded that the plaintiff is not entitled to reimbursement for expenses incurred for the support of the children prior to the commencement of the action in excess of the amounts paid by the defendant pursuant to the California judgment; that when unusual expenses had arisen, the defendant had contributed toward them as requested; that since the rendition of the California judgment there has been a substantial change of circumstances suffi-

cient to justify modification of the provision for support of the two daughters; that the defendant's financial income and net worth have increased substantially; that the financial situation of the plaintiff has worsened; that there has been a general increase in the cost of living; and that the needs of the two daughters have greatly increased as they have grown older. The court further concluded that the defendant is a man of considerable wealth, well able to meet the reasonable needs of the daughters, and that he is in fact willing to pay all expenses directly related to them but he objects to paying any expense related to maintaining and supporting them in their present home. The court concluded, however, that it would be detrimental to the girls to require a change in their home environment and that it is reasonable to require the defendant to pay an amount adequate to support them in their present home and to pay a reasonable fee to their attorney. Consequently, the court rendered judgment that the defendant pay the plaintiff $850 per month for the support of both daughters effective from the return day of this action and that he pay an attorney's fee in the amount of $8000. The judgment further allowed the defendant a credit, pro rata, for all amounts paid by him in satisfaction of the obligations imposed by the judgment since the return day.

In his appeal from the judgment the defendant's principal claim is that the court erred in rendering a judgment for the support of his daughters effective from the return day of the action rather than from the date of the judgment.

He also assigns error in the award of counsel fees but his claim with respect to this is that the evidence failed to support the court's determination of the amount of time his daughters' attorney had devoted

to their aspect of the case as distinguished from what the plaintiff sought to recover individually. This claim is without merit.

The remaining assignments of error relate to the court's exercise of its discretion in allowing an amendment to the plaintiff's complaint during the trial and in allowing testimony concerning the tuition rate charged by a school attended by one of the girls during the 1966-67 school year. The objection to the evidence was that "that element of damage isn't included in the Complaint". Thereafter, the court allowed an amendment to the complaint to claim past support for the daughters from and after October 13, 1966. The court's exercise of discretion in both instances requires no discussion because the court denied the plaintiff's claim for reimbursement of past expenditures for the support of the daughters.

We return then to the question whether the court could properly increase the order which had been made by the California court for the support of the daughters and whether, if such an increase could be made, it could be made effective from the return day of the action. Since the order appealed from modified a decree of a sister state, a constitutional question is presented. Under the full faith and credit clause of the constitution of the United States (article 4 § 1) and its implementing statute (62 Stat. 947, 28 U.S.C. § 1738), the judicial proceedings of a state must be given full faith and credit in every other state. The judgment rendered in one state is entitled to full faith and credit only if it is a final judgment, and the judgment is final only if it is not subject to modification in the state in which it was rendered. *Barber* v. *Barber,* 323 U.S. 77, 65 S. Ct. 137, 89 L. Ed. 82; *Sistare* v. *Sistare,* 218 U.S. 1,

30 S. Ct. 682, 54 L. Ed. 905. Absent jurisdictional difficulties, the judgment of a sister state must be given the same effect here as it has in the state where it was rendered. *Koster* v. *Koster,* 137 Conn. 707, 710, 81 A.2d 355. And, in determining the effect to be given to the foreign judgment, we must look not only to the question of its finality but also, if it is found to be subject to modification, to the extent to which the courts of the state in which it was rendered may modify it. See *German* v. *German,* 122 Conn. 155, 164, 188 A. 429; *Allingham* v. *Allingham,* 141 Colo. 345, 348 P.2d 259; *Biewend* v. *Biewend,* 17 Cal. 2d 108, 109 P.2d 701; *Levine* v. *Levine,* 95 Ore. 94, 187 P. 609; *Rossi* v. *Rossi,* 187 Misc. 543, 56 N.Y.S.2d 383, aff'd, 269 App. Div. 821, 56 N.Y.S.2d 396. The defendant concedes that, under California law, there has been a change of circumstances sufficient to permit a modification of the California judgment as to future instalments and that the Connecticut courts have the power to make the modification. There is no claim that the monthly amount awarded by the court is excessive. The only issue is whether the modification can be made effective from the return day of the action. We conclude that it could be made effective from that date.

We look to the law of California for the answer to the question whether an order for the support of minor children may be increased effective from the return day of the action in which the increase is granted. In California, the power of the courts to make orders for the support and custody of children in divorce cases is found in the California Civil Code §§ 137–139. The section crucial to the question before us is § 139.

For a period prior to 1951, § 139 of the California Civil Code provided, in pertinent part, that

"[w]here a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." At the time that statute was effective, the California Supreme Court in the case of *Keck* v. *Keck,* 219 Cal. 316, 26 P.2d 300, held that an order relieving a husband from accrued alimony and discharging alimony by offsetting it against an indebtedness of the wife to him which existed at the time of the entry of the divorce decree was an improper modification of the decree because an alimony decree could not be modified as to accrued instalments. The court held, however, that a modification of future instalments could be made effective from the date on which the modification was applied for. The opinion does not make clear whether the application for modification was made pursuant to § 139.

In 1951, § 139 was amended to provide, in pertinent part, that "[t]hat portion of the decree or judgment making any such [support] allowance or allowances, and the order or orders of the court to enforce the same, including any order for support of children . . . in an integrated property settlement agreement, may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification or revocation." We find no decision of the Supreme Court of California construing and interpreting the effect of that amendment on the rule which it announced in *Keck* that a modification

of future instalments of support may be made effective from the date on which they were applied for. The California District Court of Appeal, Second Appellate District, Division Two, however, has held in *Hangen* v. *Hangen,* 241 Cal. App. 2d 11, 50 Cal. Rptr. 203, that a trial court lacked authority to modify a support order as of the initial date of the hearing on the application for modification. Modification in that case was sought, however, pursuant to § 137.2 of the California Civil Code, which concerns support orders for children of the marriage during the pendency of an action for divorce, separate maintenance, or support of the children. That section as amended in 1951 provided in part that "[a]ny such order may be modified . . . at any time during the pendency of the action except as to any amount that may have accrued prior to the order of modification". The court held that the quoted provision of § 137.2 made it clear that the trial court was without authority to make the modification effective on a date prior to the date of the order and in so doing rejected, in substance, the rule earlier established by the California Supreme Court in *Keck* v. *Keck.*

Both the *Keck* and *Hangen* cases involved modifications of alimony orders which decreased the payments which had been previously ordered. The *Keck* case concerned the modification of an order which was incidental to a final divorce decree but did not indicate whether the modification was sought pursuant to the then existing language of § 139. *Hangen* concerned the modification of a pendente lite order under § 137.2 as amended, the pertinent language of which was in substance the same as that of § 139 as amended. Added to these considerations is the fact that the *Hangen* decision was rendered

by a lower California appellate court and we have no means of knowing whether the Supreme Court of California would reach the same result in a case such as the one before us. We are inclined to think that it would not do so. The language in § 139, prohibiting modification or revocation of an amount which had accrued prior to the order, was enacted after *Keck* was decided; nevertheless, the *Keck* decision had clearly said (p. 320) that although "[a]s to accrued installments . . . [the order] is final", as to future instalments modification "may be made as of the date when modification is applied for" (p. 321). It is not for us to pass upon the reasoning of the California Supreme Court. It is sufficient for present purposes that that court distinguished between a modification of a payment which had accrued and a modification of a future payment made effective from the date on which it was applied for. This distinction *Hangen* does not deal with or purport to overrule. Moreover, unlike *Hangen,* the modification now appealed from resulted in an increase rather than a decrease in the payments previously ordered and that increase benefited children, whose welfare is of paramount importance. Although § 139 prohibits retroactive modification of accrued payments, the modification we are concerned with did not alter any vested rights which they had to the payment which had accrued. And we do not subscribe to the notion that the defendant had any right not to have to make an additional payment. In fact, as already stated, he agrees that the circumstances warranted an increase in the order and that the power of the court to make the order exists. His only quarrel is with the effective date of the order. We do not find that other cases cited by the parties shed any further light on the

precise point now before us. Cited cases deal either with statutory language differing from that with which we are concerned or with issues other than the one presented here, or with both. Although we incline to the view that the California Supreme Court would sanction the order appealed from here, we prefer, in view of the decision of the intermediate appellate court, to conclude that the California law applicable to this narrow question is not shown to be established.

Since the applicable law of California is not shown to be otherwise, we presume that law to be the same as our own. *Fruchtman* v. *Manning,* 156 Conn. 500, 503, 242 A.2d 723, and cases cited. The record discloses that, in making its order, the court considered the equities involved under all the circumstances disclosed by the evidence. In the absence of any showing that the law of the state of California is to the contrary, the court was fully warranted in exercising a judicial discretion in fixing the effective date of the order appealed from.

There is no error.

In this opinion the other judges concurred.