[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved by this court on February 2, 1985. A separation agreement of the parties dated January 26, 1985 was incorporated by reference in the decree. Said agreement provided, inter alia, as follows:
 The husband shall also pay to the wife as support for the benefit of the minor children the sum of THREE HUNDRED SEVENTY DOLLARS ($370.00) monthly payable at the rate of ONE HUNDRED EIGHTY-FIVE DOLLARS ($185.00) on the 1st and 15th day of each month. Said payments are to continue until the youngest child reaches the age of eighteen (18) years.
There is now before this court the plaintiff wife's motion seeking to modify the amount of child support.
Child support may be modified upon a showing of a substantial change in circumstances whether or not such change of circumstances was contemplated at the time of the dissolution. P.A. 90-213.
The court finds that there has been a showing of a substantial change in circumstances in that:
 (a) The defendant husband's annual gross income has increased from $63,492 at the time of the dissolution to $87,993 as of the date hereof.
 (b) As a result of injuries suffered in an automobile accident on June 17, 1986 the plaintiff wife's degenerative disc condition has worsened and her ability to work has been impaired.
 (c) The minor children have developed various health problems, including worsening allergies.
CT Page 820 Accordingly, the order of child support is modified as follows:
The defendant husband shall pay to the plaintiff wife the sum of $370 per month for the support of each of the minor children, payable one-half on the first of each month and the other half on the fifteenth of each month. Said payments shall continue until such child reaches the age of majority or is sooner emancipated and shall be made by way of an immediate wage withholding.
Except as expressly modified herein, all other orders of this court shall remain in full force and effect.
The plaintiff wife has requested that any modification be retroactive to either the date of her motion or the date of the first scheduled hearing.
This court has previously ruled that it has the power to increase a prior order of child support retroactively to the date a proper motion for modification is filed if the equities of the matter before the court so dictate. Tosolini v. Tosolini, #154472, Superior Court, Judicial District of Fairfield at Bridgeport, December 30, 1987 (F. Freedman, J.).
Two other Superior Court Judges have reached a similar result. See: Stowe v. Stowe, 4 Conn. Law Tribune, No. 46 at p. 14 (11/13/78) (Berdon, J.) and Gray v. Gray, 12 Conn. Law Tribune, No. 3 at p. 25 (1/20/86) (F. Hennessy, J.).
Our Supreme Court in Hendrix v. Hendrix, 160 Conn. 98
(1970) stated that the law of the State of Connecticut allowed an order of child support made by a court of a sister state to be modified retroactive to the return date of the Connecticut action seeking such modification. Hendrix does not cite any prior Connecticut authority for this holding.
Our Appellate Court, however, in the recent case of Paddock v. Paddock, 22 Conn. App. 367 (1990) has held that there can be no such retroactive modification. The plaintiff wife argues that Paddock applies only when the court attempts to retroactively modify "its own previous order" since Paddock involved a situation where the court vacated its previous order and entered new orders retroactive to the date of the vacated order. Unfortunately, it is a distinction without a difference. Paddock does not allow for modification retroactive to the date the other party receives notice of a request for modification. It does not even allow for modification retroactive to notice of a motion to open and vacate when such motion is granted on a finding of lack of due process on the prior order. Paddock CT Page 821 appears to leave no door open for retroactive modification. Paddock has, therefore, created the lamentable result of possibly encouraging and rewarding dilatory tactics.
Our legislature prior to Paddock, and somewhat prophetically, enacted P.A. 90-188 which, in part, amended 46b-86
of the Connecticut General Statutes by adding the following language:
 No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52- 50.
P.A. 90-188, however, does not become effective until October 1, 1990.
Accordingly, the request for retroactive modification is denied.
FREDERICK A . FREEDMAN, Judge