[No. B150900. Second Dist., Div. Six. July 18, 2002.]

ALBERT J. RIOS, Plaintiff and Respondent, v.
GLORIA PULIDO, Defendant and Appellant.

COUNSEL

Laura G. Dewey for Defendant and Appellant.

D. Oscar Barnes for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—Internal Revenue Code sections 151 and 152 allow an income tax dependency exemption for a parent who has custody of a child for the greater portion of the calendar year. Here we hold federal law does not preempt the family law court, in its discretion, from alternating the dependency exemption between the parents even though one parent may have custody during the calendar year for less than half the time.

Gloria Pulido appeals an order by the family law court declaring that Albert J. Rios is entitled to an income tax dependency exemption for his minor child for the tax year 1999 and for odd-numbered years thereafter. We remand the matter so that the family law court may modify its order to require execution of declarations waiving the exemption, but otherwise affirm.

FACTS

On December 6, 1995, a son was born to Rios and Pulido. They shared physical custody of the child, although by court order, Pulido received greater custody time.

On December 21, 1998, the family law court ordered that neither party pay child support because "the guideline amount is rebutted by the present

custodial arrangement." The court order did not allocate the income tax dependency exemption to either parent. In prior years, Pulido claimed the dependency exemption.

On May 28, 1999, the family law court ordered that the parties share joint legal custody of the child. It then allocated physical custody to each parent, which provided nearly equal custodial time.

In 2000, Rios and Pulido each apprised the other that he or she intended to claim the child as a dependent for 1999 income tax purposes. Each filed an income tax return claiming the child as a dependent, thereby piquing the interest of the Internal Revenue Service.

On February 16, 2001, Rios sought an order awarding him the dependency exemption for 1999 and the following odd-numbered years. Pulido resisted the motion and argued that she provided more than 50 percent of the child's support in 1999 and that she had actual custody more than 50 percent of the time.

After argument by the parties, the family law judge ruled that the custody arrangement provided "a joint legal and physical custody arrangement that is essentially equal . . . . [I]t is fair that the parties rotate the exemption[]." The court then ordered that Rios claim the dependency exemption for 1999 and all following odd-numbered years, and that Pulido claim the exemption for even-numbered years.

Pulido appeals and contends that the family law court did not apply federal tax law correctly in determining entitlement to the dependency exemption.

## Discussion

Pulido asserts that Internal Revenue Code section 152, subdivision (e)(1), defines custodial parent for dependency exemption purposes as "the parent having custody for a greater portion of the calendar year." She relies upon her calculations that for five months of 1999, Rios had physical custody of the child 40 percent of the time, and for the remaining seven months of 1999, 47 percent of the time. Pulido points out that the order awarding no child support rested upon a DissoMaster calculation giving her the dependency exemption. She adds that federal law regarding dependency exemptions preempts state judicial rulings and opinions on the subject. (*Vick v. Superior Court* (1965) 239 Cal.App.2d 105, 108 [47 Cal.Rptr. 840] ["[A] decision [that] would purport to establish the right of either [parent] to claim

the minor child as an exemption on her or his federal income tax return, would not be binding on the federal authorities charged with the administration and enforcement of the federal income tax law"].)

A family law court may order a custodial parent to execute a waiver of the income tax dependency exemption to allocate the exemption to the noncustodial parent. (*Monterey County v. Cornejo* (1991) 53 Cal.3d 1271, 1280 [283 Cal.Rptr. 405, 812 P.2d 586].) "[W]e find nothing in the 1984 amendment to [Internal Revenue Code] section 152(e) that precludes our state trial courts from exercising their traditional equitable power to allocate the dependency exemption to the noncustodial parent by ordering the custodial parent to execute a declaration waiving the exemption." (*Ibid.*) An effective waiver must be in writing and signed by the custodial parent who is releasing the exemption. (Int.Rev. Code, § 152(e)(2); *Monterey County v. Cornejo, supra,* 53 Cal.3d 1271, 1277, 1280.)

The family law court properly exercised its equitable powers to allocate the dependency exemption for 1999 to Rios, and thereafter, on an alternating basis to Rios or Pulido. The court found that the joint legal and custody arrangement was "essentially equal." Pulido's attorney conceded that the custody agreement was "a very bizarre time share [that] goes all over the wall. . . . It's not something that's very easily explained."

Although the family law court assigned the dependency tax exemption to Rios for 1999 and the following odd-numbered years, it did not order Pulido to execute the necessary declaration that must be attached to Rios's return. Likewise, it did not order Rios to execute the necessary declaration that must be attached to Pulido's return in even-numbered years. Accordingly, we remand the matter to allow the family law court to modify its order to require the necessary declarations.

The order is affirmed. Each party to bear his or her own costs on appeal.

Yegan, J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 13, 2002.